1  Stephane Quinn CFLS (SBN: 278188)
   David Dworakowski, CFLS, CALS (SBN: 135285)
2  **QUINN & DWORAKOWSKI, LLP**
   IRVINE CONCOURSE
3  2050 Main Street, 6th Floor, Suite 600
   Irvine, California  92614
4  Telephone: (949) 660-1400
   E-Mail: david@orangecountyfamilylaw.com
5  E-Mail: quinn@orangecountyfamilylaw.com

6  *Attorneys for Respondent JASMINE PEARL NA*

7

8

9            **UNITED STATES DISTRICT COURT**
10     **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT**
11

12  JUNG WOOK NA,                    ) CASE NO.:
13         *PETITIONER,*             )
                                     )
14                                   )
                                     ) **NOTICE OF REMOVAL OF STATE-**
15         VS.                       ) **COURT ACTION UNDER 28 U.S.C. §**
16                                   ) **1441(A)**
                                     )
17  JASMINE PEARL NA,                )
                                     )
18         *RESPONDENT.*             )
                                     )
19                                   )
                                     )
20  _____)

21       TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS
22  ACTION AND THE CLERK OF THE ABOVE-ENTITLED COURT:
23       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a),
24  Respondent, **Jasmine Pearl Na** ("Respondent"), hereby removes to the
25  United States District Court for the Central District of California, Southern
26  Division, that certain state-court action entitled *Jung Wook Na v. Jasmine*
27  *Pearl Na*, pending in the Superior Court of the State of California, County of
28  Orange, Case no. 25FL001112, as follows

RESPONDENT'S NOTICE OF REMOVAL TO FEDERAL COURT

## INTRODUCTION

1. On October 13, 2025, Petitioner **Jung Wook Na** ("Petitioner"), through the office of the District Attorney of the County of Orange, filed an action against Respondent in the Superior Court of California, County of Orange (the "State Court"). The action is titled *Petition Under the Hague Convention for (1) Protective Custody Warrant for K.E.N, and (2) Return of S.A.N. to South Korea; Declaration of Investigator Nathan Ridlon in Support Thereof*, Case No. 25FL001112 (the "State Court Hague Case")[1]. (Ex. 1, Hague Petition [redacted as required pursuant to Fed. R. Civ. P. 5.2(a)(2)-(3)].)

2. The State Court Hague Case arises under the **Hague Convention on the Civil Aspects of International Child Abduction**, Oct. 25, 1980, T.I.A.S. No. 11,670, 22514 U.N.T.S. 98, reprinted in 51 Fed. Reg. 10,493 (1986) (the "Convention"), and its implementing statute, the **International Child Abduction Remedies Act (ICARA)**, 22 U.S.C. §§ 9001 et seq. (Ex. 2, Treaty.)

3. On October 13, 2025, the State Court issued Emergency Ex Parte Custody Orders concerning minor children K.E.N. (born 2014) and S.A.N. (born 2019). (Ex. 3, Protective Custody Warrants [redacted per Fed. R. Civ. P. 5.2(a)(3)].)

4. That same day, the District Attorney's Office filed a Request for Order regarding the Hague Petition. (Ex. 4, RFO dated Oct. 13, 2025 [redacted per Fed. R. Civ. P. 5.2(a)(3)].) The State Court issued Temporary Emergency Orders providing: "1. All passports and/or travel documents must be given to the Orange County District Attorney's Office for the duration of the Hague

---

[1] In California, if a Petitioner pursues a Hague Convention case in the State Court of California, it is brought on the Petitioner's behalf by the District Attorney.

Petition case," and "2. Neither parent shall remove the child(ren) from Orange County, California pending the Hague Petition proceedings." (Ex. 5, Temporary Emergency Orders.) A hearing was set for October 29, 2025, before the Hon. Mary Kreber Varipapa, Dept. L65, Lamoreaux Justice Center.

Respondent specially appeared at the October 29th scheduled hearing and was served with the moving papers. Prior to the start of the hearing, Respondent served Petitioner, the District Attorneys' office, and the Court with her Notice of Special Appearance and Intent to Remove Action to Federal Court. (Ex. 6, Notice of Special Appearance.) The Court issued temporary custody orders. (Ex. 7, Minute Order dated 10/29/2025.)

Petitioner asserts that Respondent "wrongfully removed" the minor children from the Republic of Korea under the Convention and ICARA. (Ex. 1.)

## I. JURISDICTION AND BASIS FOR REMOVAL.

### A. Concurrent Federal Jurisdiction.

1. This action arises under the Hague Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11,670 (Oct. 25, 1980), as implemented by ICARA, 22 U.S.C. §§ 9001–9011.
2. Under 22 U.S.C. § 9003(a), state and federal courts have concurrent original jurisdiction over Convention actions. Accordingly, this matter presents a federal question under 28 U.S.C. § 1331 and is removable under 28 U.S.C. § 1441(a).

### B. Federal Question Jurisdiction.

1. Because ICARA implements a United States treaty and expressly authorizes federal actions, jurisdiction is proper under 28 U.S.C. § 1331 and 22 U.S.C. § 9003(a).

**C. Venue.**

    **1.** Venue is proper in the Central District of California, Southern Division, under 28 U.S.C. §§ 84(c), 1391(b), and 1441(a), because the state action was filed in Orange County, which lies within this District and Division.

## II. TIMELINESS OF REMOVAL.

**A. Service and Thirty-Day Requirement. (28 U.S.C. § 1446 (b)(1).)**

    1. Respondent was formally served with the Hague Petition on October 29, 2025, when she appeared at the scheduled hearing. Because service has not occurred, the 30-day removal period began on October 29th, and this Notice is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the removal clock starts upon formal service of process, not mere notice).

**B. No Prior Amendments or Other Defendants.**

    1. No amended petition or additional respondent has been served to restart the removal period under § 1446(b)(2). Respondent is the sole party named below.

**C. Good-Faith Compliance.**

    1. This Notice of Removal is filed promptly and in good faith and fully complies with 28 U.S.C. §§ 1441 and 1446.

## III. STATE COURT PROCEEDINGS AND ATTACHMENTS.

**A. Attached Pleadings.**

    **a.** Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served in the state-court action are attached hereto as Exhibits 1 through 5.

///

///

**B. Effect of Removal.**

    **a.** Upon the filing of this Notice, and in accordance with 28 U.S.C. § 1446(d), Respondent will promptly (1) file a copy of this Notice with the Clerk of the Superior Court of California, County of Orange, and (2) serve written notice upon all adverse parties. The filing of this Notice immediately divests the state court of jurisdiction over the matter.

**IV. FACTS AND LAW SUPPORTING REMOVAL.**

The parties are the parents of minor children K.E.N. (age 10) and S.A.N. (age 6) (collectively, "the children"). The children are citizens of both the United States and the Republic of Korea. Petitioner is a citizen of the Republic of Korea, and Respondent is a citizen of the United States.

Petitioner alleges that the children's habitual residence is the Republic of Korea and that Respondent wrongfully removed or retained them in the United States in violation of the **Hague Convention on the Civil Aspects of International Child Abduction**, Oct. 25, 1980, T.I.A.S. No. 11,670, 22514 U.N.T.S. 98, reprinted in 51 Fed. Reg. 10,493 (1986) (the "Convention"). This proceeding therefore arises under the **International Child Abduction Remedies Act** ("ICARA"), 22 U.S.C. §§ 9001-9011, which implements the Convention.

The children are presently located within Orange County, California, which lies within the Southern Division of this District. Accordingly, venue is proper under 22 U.S.C. § 9003(b) because the children are located within the jurisdiction of this Court.

Federal courts share concurrent original jurisdiction with state courts over actions arising under ICARA. *See* 22 U.S.C. § 9003(a); *Abbott v. Abbott*, 560 U.S. 1, 8 (2010) ("Both state and federal courts have jurisdiction over actions arising under ICARA."). Removal to federal court is therefore proper

under 28 U.S.C. § 1441(a). *See also Sung v. Kim*, No. CV 16-00373 DKW-KSC, 2016 WL 4099030, at *3 (D. Haw. Aug. 2, 2016)* (holding that removal of a Hague Convention petition was proper because it presented a federal question); *Dela Torre v. Hernandez*, No. SA-18-CV-00712-XR, 2018 WL 5733192, at *2 (W.D. Tex. Nov. 2, 2018)* (same).

     Once this Notice of Removal is filed, and pursuant to 28 U.S.C. § 1446(d), the state court is immediately divested of jurisdiction. *See Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) ("A properly filed notice of removal … divests the state court of all jurisdiction."). Any further state-court proceedings are therefore void.

     This action presents a federal question under the Hague Convention and ICARA. *See* 28 U.S.C. §§ 1331, 1441(a). Respondent does not seek adjudication of the merits of the Hague Petition at this time but respectfully requests that this Court accept and retain jurisdiction pursuant to 22 U.S.C. § 9003(c) and schedule proceedings as appropriate under ICARA.

## CONCLUSION

     For the foregoing reasons, Respondent Jasmina Pearl Na respectfully requests that this Court accept and retain jurisdiction over this matter.

Date: November 4, 2025　　　　　　　　*Respectfully Submitted*,

　　　　　　　　　　　　　　　　　　QUINN & DWORAKOWSKI LLP.


　　　　　　　　　　　　　　　　　　/s/ Stephane Quinn
　　　　　　　　　　　　　　　　　　Stephane Quinn, CFLS
　　　　　　　　　　　　　　　　　　*Counsel for Jasmine Pearl Na,*
　　　　　　　　　　　　　　　　　　*Respondent Mother*