**STEPHANE QUINN, CFLS (SBN: 278188)**
**DAVID DWORAKOWSKI, CFLS, CALS (SBN: 135285)**
**QUINN & DWORAKOWSKI, LLP**
IRVINE CONCOURSE
2050 Main Street, 6th Floor, Suite 600
Irvine, California 92614
Telephone: (949) 660-1400
E-Mail: david@orangecountyfamilylaw.com
E-Mail: quinn@orangecountyfamilylaw.com
*Attorneys for Respondent JASMINE PEARL NA*

**MERRITT MCKEON, ESQ. (SBN 187983)**
24001 Calle de la Magdalena #2845
Laguna Hills, CA 92653
Phone # (949) 584-1281
Email: merrittmck@hotmail.com
*Attorney for Petitioner JUNG WOOK NA,*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| JUNG WOOK NA,<br>*PETITIONER,*<br><br>VS.<br><br>JASMINE PEARL NA,<br>*RESPONDENT.* | CASE NO: 8:25-CV-02479-DOC-ADS<br><br>JOINT STATUS REPORT RE. PROCEEDINGS IN THE KOREAN FAMILY COURT |

### JOINT STATUS REPORT RE. PROCEEDINGS IN THE KOREAN FAMILY COURT

Pursuant to the Court's Order dated June 9, 2026 (Dkt. No. 54), directing the parties to submit an updated status report regarding the proceedings in the Korean Family Court, the parties jointly submit the following report, consisting of Petitioner's portion followed by Respondent's portion.

## I. PETITIONER'S STATEMENT REGARDING PROCEEDINGS IN KOREAN FAMILY COURT (NEXT PAGE)

**MERRITT MCKEON, ESQ. (SBN 187983)**
24001 Calle de la Magdalena #2845
Laguna Hills, CA 92653
Phone # (949) 584-1281
Email: merrittmck@hotmail.com
*Attorney for Petitioner JUNG WOOK NA*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT**

| | |
|---|---|
| JUNG WOOK NA,<br>*PETITIONER,*<br><br>VS.<br><br>JASMINE PEARL NA,<br>*RESPONDENT.* | CASE NO: 8:25-CV-02479-DOC-ADS<br><br>PETITIONER'S STATEMENT REGARDING PROCEEDINGS IN KOREAN FAMILY COURT<br><br>SUBMITTED PURSUANT TO ORDER, ON JULY 15, 2026. |

Petitioner/Father JUNG WOOK NA ("Father"), through his attorney Merritt McKeon, Esq. makes the following representation regarding the state of the Family Court proceeding in South Korea.

On July 8, 2026, the family court in South Korea began its investigation of the homes and situation of the parties and the minor children. S.A.N., the parties' youngest child, had very recently arrived in South Korea with her maternal grandfather.

S.A.N. is enrolled in therapy through an independent child therapist. She has recently seen a dentist in Korea. (See Exhibit 1) Her teeth, which were in good condition just prior to her removal from Korea, have now been

found to require a root canal, a filling, and a procedure to deal with what is called "snaggle tooth," where the tooth has been broken and is jagged and snaggly. No records are available as this occurred only very recently.

The Family Court investigator was scheduled to interview Respondent, Jasmine Na via zoom on July 9, 2026. Petitioner does not have any further information about whether that occurred, or not.

The Family Court has a home visit and interview of S.A.N. scheduled for July 23, 2026. The last date for the investigation is August 11, 2026, and no court hearing has yet been scheduled in Korea. (Exhibit 2, schedule of interviews and actions in the case in Korea).

S.A.N. is scheduled to return to the U.S. on or about August 17, 2026. Petitioner has asked the Family Court in Korea to make any orders necessary for the completion of its processes.(Exhibit 3, Petitioner's brief in Korean Court).

The investigation was ordered by the Korean Court on May 15, 2026. (Exhibit 4). It appears to be thorough in its scope, on its face,

S.A.N. has informed Petitioner that in her experience in Irvine, California, her mother, her sister K.E.N., and her maternal grandmother, are “always angry.”

S.A.N. and K.E.N. also have both expressed their mother, Jasmine, told her that she, Respondent, was afraid of going to Korea because she was afraid of being arrested in Korea. Petitioner has no other information about S.A.N.’s feelings or sense of safety, but S.A.N. seems happy and comfortable in her home in Korea. K.E.N. appears, to him, to be guarded and unhappy in Irvine.

The Korean Court has been asked, by Petitioner’s lawyer, Mr. Choi, to make orders as follows:

1. Order that the transcript of the minor children be transmitted to the Korean judge for review;
2. Order that the Korean court will ask the Federal Court hearing The Hague matter, to communicate by telephone so that the protective measures available in Korea for the children and the parties are fully understood, and any other topic concerning the children and parties may be discussed;
3. Minor's counsel or a Guardian ad Litem, shall be appointed in Korea to represent the best interests of the children.
4. Therapists for the minor children shall be ordered in Jorea, and therapists shall report to the Korean court and/or the parties and/or minor's counsel or Guardian ad Litem.

See Exhibit 4.

Respectfully submitted,

Merritt McKeon, Esq. for Jung Wook Na July 15, 2026

## DECLARATION OF JUNG WOOK NA

I am the Petitioner in this matter. If called to testify, I would and could truthfully state the following:

1. I have agreed that the Korean court should make orders as recited above, and I have not made any police report accusing Jasmine Na of child abduction. I do not believe that making a complaint to the police or prosecutor about the abduction will help my children in any way, and have agreed repeatedly to this court, as I do, again, that I will not do so in the future, as to do so would hamper my family in every way. I have expressed this to Jasmine repeatedly. I instructed my attorney in Korea, Mr. Choi, to file a written pledge in the Korean Court, which is attached as exhibit 5. I will not violate this pledge. If the US court makes custody determinations, I will follow

them. I believe the Korean Court will expect to make its orders, and am also duty bound to follow those orders.

2. I enrolled my youngest daughter S.A.N. in therapy, and I am deeply concerned neither of my daughters have been seeing a therapist in Irvine, despite my constant agreement with GAL Loni Klein's recommendation. S.A.N., my youngest daughter, seems very happy seeing her familiar family, friends, and home in Korea. I do not understand why the children were never enrolled in therapy despite the urging of their Guardian ad Litem in the U.S.A.
3. I very recently took S.A.N. to her dentist. She needs a root canal, a filling for a cavity, and has a "snaggle tooth" which will need filing or a cap. She had no cavities prior to the abduction in Late July 2025, and I took her regularly to the dentist. I believe her health was neglected in the U.S.A.
4. S.A.N. expressed, without any questioning from me, that her mother Jasmine, sister K.E.N., and maternal grandmother seemed "always angry."
5. S.A.N. and K.E.N. have both expressed that their mother, Jasmine, is afraid to return to Korea because she fears being arrested. I have tried to reassure them that her mother would not be arrested if she came to Korea, as I have not made any police reports about the abduction and do not believe any prosecution of Respondent is expected to be brought by any prosecutor, but I do not know how else I can reassure them or the courts of this.
6. I have never blocked contact with the children and their mother.
7. I have continued to try to communicate with Jasmine using the court ordered "Talking Parents" application as ordered by the Orange County Superior Court. Jasmine has not responded to my

requests, and I sense that the relationship between myself and the children is being irreversibly damaged by the efforts of Respondent and her family.

8. I have tried very hard to be polite and understanding with Jasmine's family, as I am grateful they have always loved my children, and have in the past shown me every kindness. I remain hopeful that Jasmine's family will once again support both of us as parents, so that we can effectively coparent the children.

9. I have attached all of the translated dockets, orders, and schedules for the case in Korea, as well as my submissions to the a Korean Court.

10. I have enrolled S,A,N. in a private school in Korea so that if the Korean Court decides she should stay here, she can stay with me or her mother, or another person, and attend school. School begins early in August, 2026.

11. I do not want to violate any orders, however, given the ongoing Korean proceedings, I believe that S.A.N. should remain in Korea until the Korean Court makes orders regarding custody.

12. I have attached proof of my ongoing zoom classes in Los Angeles, for Batterer Intervention. (Exhibit 6)

13. I have included a status report of the investigation report, a true translation of the report filed in the Korean Court.

**14.** I certify that the foregoing is true and correct.

Dated: July 15, 2026

Daniel Na (Jul 16, 2026 10:17:13 GMT+9)

JUNG WOOK NA

Signature: Merritt McKeon

Email: merrittmck@hotmail.com

LIST OF PETITIONER'S EXHIBITS

Exhibit 1 Proof of S.A.N.'s enrollment in counseling.

Exhibit 2 schedule of interviews and actions in the case in Korea

Exhibit 3 Petitioner's brief in Korean Court.

Exhibit 4 Orders by the Korean Court on May 8, 2026.

Exhibit 5. Written Pledge filed in Korean Court

Exhibit 6. Certificate of participation in 52 week Batterer Intervention Program by Jung Wook Na

Exhibit 7. Status of Investigation in Korea

## II. RESPONDENT'S PORTION OF JOINT STATUS REPORT.

Respondent Jasmine Na ("Respondent"), by and through counsel Quinn & Dworakowski, LLP, respectfully submits her portion of the Joint Status Report ordered by the Court.

### A. Respondent's Objection to the Scope and Propriety of Petitioner's Portion.

Respondent objects to Petitioner's portion of this Joint Status Report as exceeding the scope of the Court's June 9, 2026 Order (Dkt. No. 54), which directed the parties to submit a status report regarding the proceedings in the Korean Family Court. Petitioner's portion instead seeks affirmative relief and asks this Court to coordinate its determination with, and effectively defer it to, the ongoing custody investigation in the Korean Family Court.

In particular, Petitioner asks this Court to communicate directly with the Korean Family Court, to release and transmit the transcripts of the minor children's testimony to the Korean court and to Petitioner, and to defer to the Korean Family Court's custody investigation conducted July 9 through August 11, 2026. A petition under the Hague Convention determines only rights under the Convention, not the merits of the underlying custody dispute, which the return court may neither adjudicate nor delegate. See 22 U.S.C. § 9001(b)(4); Hague Convention art. 16. Even when ameliorative measures are considered, that consideration must not "usurp the role of the court that will adjudicate the underlying custody dispute." Golan v. Saada, 596 U.S. 666 (2022). Petitioner's requests would do precisely that.

The request to disseminate the children's testimony—to the party the children testified about and to a foreign tribunal—implicates the children's safety and the integrity of their testimony and should, if pursued at all, be made by noticed motion, with the Guardian ad Litem heard. Respondent opposes that request and the request for direct judicial communication, and

respectfully requests that the Court disregard the affirmative-relief and argumentative portions of Petitioner's submission and address them, if at all, through proper motion practice.

To the extent Petitioner's submission raises matters outside the ordered scope, Respondent responds only as necessary in the accompanying declaration.

**B. Status of the Proceedings in the Republic of Korea and of the Children.**

Pursuant to the parties' stipulation, the parties' younger child, S.A.N., traveled to the Republic of Korea in early July 2026 in the company of her maternal grandfather and is to be returned to the United States on or about August 16, 2026. The Korean family investigation's first session was conducted by videoconference on July 9, 2026, and is scheduled to continue on August 10 and 11, 2026.

Since S.A.N.'s departure, developments have caused Respondent serious concern that Petitioner does not intend to return S.A.N. as agreed. First, S.A.N.'s United States passport was reported lost or stolen, and she therefore traveled to Korea on her Korean passport alone; a replacement United States passport requires the consent of both parents, giving Petitioner control over the document S.A.N. needs in order to return. Second, Petitioner has enrolled S.A.N. in a private school in the Republic of Korea beginning in August 2026. Third, Petitioner's own declaration states that S.A.N. "should remain in Korea until the Korean Court makes orders regarding custody." These matters are set forth in the accompanying Declaration of Jasmine Pearl Na.

These developments confirm the concern at the center of Respondent's defense—that a return obligation is practically unenforceable once a child is physically present in Korea. Respondent has submitted the expert

declaration of Ms. Jiwon Min, an attorney licensed in the Republic of Korea, whose testimony establishes that Korea provides no practical mechanism to compel a child's international return and that compliance depends on the voluntary cooperation of the parent who has physical control of the child. Respondent further requests, by separate Request for Judicial Notice, that the Court take judicial notice under Federal Rule of Evidence 201 of the U.S. Department of State's 2026 Annual Report on International Child Abduction, which designates the Republic of Korea as demonstrating a pattern of noncompliance and reports that "ROK competent authorities regularly failed to enforce return orders rendered by the judicial authority in abduction cases."

Should Petitioner fail to return S.A.N. to the United States as required, Respondent is prepared to seek appropriate relief, including on an expedited or ex parte basis, to secure S.A.N.'s timely return, and reserves all rights to do so.

**C. Respondent's Compliance and the Children's Therapy.**

Respondent has complied with all of this Court's orders. Respondent has completed a ten-session live anger management program (Exhibit A) and, on May 22, 2026, a 52-hour parenting class (Exhibit B), and she continues to attend weekly individual therapy.

Respondent supports the children's participation in therapy. Respondent attempted to enroll K.E.N. in therapy through a provider, Little Otter, and offered to pay out of pocket in light of the wait for a Medi-Cal provider; the provider, however, requires Petitioner's consent or a court order because Petitioner presently holds temporary custody. Respondent has notified Petitioner by email and awaits his cooperation.

**D. Respondent's Position as to the Hague Petition.**

Respondent maintains that returning the children to the Republic of Korea would expose them to a grave risk of physical or psychological harm, or otherwise place them in an intolerable situation, within the meaning of Article 13(b) of the Hague Convention. Respondent submits that the Article 13(b) defense is dispositive regardless of how the Court resolves habitual residence.

In support of that defense, Respondent relies on the evidence already before the Court, including Petitioner's admitted physical abuse of K.E.N. and his concealment of that abuse; a documented history of domestic violence; the findings of the Guardian ad Litem and the children's expressed fear of returning to Korea; Petitioner's criminal record and his deportation from the United States; and the expert testimony that any return obligation would be practically unenforceable in Korea.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

No ameliorative measures would sufficiently mitigate that grave risk. A court that has found a grave risk of harm is not categorically required to examine all possible ameliorative measures before denying return, and its discretion to consider such measures must prioritize the child's physical and psychological safety. Golan v. Saada, 596 U.S. 666 (2022). Any protective condition or undertaking requiring the children's return would be ineffective once the children are in Korea, as the recent developments concerning S.A.N. demonstrate. Respondent respectfully requests that the Court resolve the pending petition on its merits, based on the evidence before it, without deferring adjudication to, or conditioning relief on future action by, the Korean Family Court.

Dated: July 15, 2026

Respectfully Submitted,

**QUINN & DWORAKOWSKI, LLP.**

/s/Stephane Quinn
STEPHANE QUINN, CFLS
Attorney for Respondent

# DECLARATION OF JASMINE PEARL NA

I, Jasmine Pearl Na, declare as follows:

1. I am the Respondent in this action and the mother of the minor children, K.E.N. and S.A.N. The matters stated herein are within my personal knowledge, except where stated on information and belief, and if called as a witness I could and would competently testify to them.

2. For approximately ten months, the children were not in my care. They resided with Randy Hoang until March 2026 and then with my parents until June 2026. When I took S.A.N. to the dentist in November 2025, she already had dental issues at that time. S.A.N. also contracted lice while she was not in my care, which I treated promptly after it was discovered once she was in my care in June 2026. Any recent damage to S.A.N.'s teeth did not occur while she was in my care.

3. **I am informed and believe that both of the children's U.S. passports have been reported lost or stolen and are no longer usable for travel**. Pursuant to this Court's order, I travelled to the airport with my father and S.A.N. so she could spend the summer with Father. At the airport, I was informed by the ticketing agent that S.A.N.'s United States passport had been reported lost or stolen. As a result, S.A.N. was unable to travel on her United States passport and instead traveled on her Korean passport, which had not been reported lost or stolen. I was further informed that S.A.N. will have to apply for a new United States passport, that the application requires the consent of both parents, and that S.A.N. will have difficulty returning to the United States without a United States passport. I was hesitant to place S.A.N. on the plane, but I complied because I did not want to be accused of violating this Court's orders. I did not report S.A.N.'s passport lost or stolen and believe that Father did so. I also believe that

Father also reported K.E.N.'s passport stolen or lost. Father never advised me that he had done so.

4. Although there has been no decision by this Court regarding the Hague Petition, I believe that regardless of the ruling, Petitioner has no intention of returning her to the United States. Petitioner's declaration states that S.A.N. will return to the United States on or about August 16, 2026. Yet Petitioner has also stated that he has enrolled S.A.N. in a private school in Korea beginning in August 2026 and that, in his view, S.A.N. "should remain in Korea until the Korean Court makes orders regarding custody."

5. The Korean family investigation's first meeting was conducted by video conference on July 9, 2026, which I attended. I was informed that the investigation will continue on August 10 and 11, 2026, when the investigator will interview K.E.N. and I will have the opportunity to speak with S.A.N. During the July 9 meeting, the investigator appeared to be unaware of Petitioner's criminal record and his deportation from the United States.

6. Petitioner states that S.A.N. told him that I am "always angry." I do not believe this to be true. After this Court lifted restrictions regarding my time with the girls, S.A.N. wanted to be with me constantly and did not want to be separated from me. Since S.A.N. traveled to Korea, we have had regular video contact, and she repeatedly tells me that she misses me.

7. Petitioner and I communicate through the court-ordered TalkingParents application. Our communications reflect an ongoing pattern of accusations and hostility, which is why I recently began using email to convey important information about the children. I welcome the Court's review of the complete TalkingParents record since October 2025.

8. Petitioner mailed approximately $200 in $50 bills from Korea. I later learned that the bills appeared to be counterfeit when K.E.N. attempted to use them at a store and they would not scan.

9. I attempted to enroll K.E.N. in therapy through a provider, Little Otter, and offered to pay out of pocket given the wait for a Medi-Cal provider. I was informed that, because Petitioner currently has temporary custody, the provider requires Petitioner's consent or a court order before therapy can begin. I notified Petitioner by email, and as of today I do not know whether he has completed the required forms. I support the children receiving therapy.

10. I am informed and believe, based on the advice of my counsel in the Republic of Korea, that if I were to enter Korea, a criminal or family investigation could prevent me from leaving Korea for one to three years and could result in a term of imprisonment, and that Petitioner could initiate such a proceeding at any time regardless of any agreement to the contrary. On that advice, I have strictly complied with all of this Court's orders. I have not told either child about this.

11. I cannot agree to any resolution that risks the children's retention in Korea. I remain deeply concerned that, once S.A.N. is in Korea, she will not be returned to the United States, and that I will be unable to secure her return or to travel safely to see her.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: July 15, 2026

Jasmine Na (Jul 15, 2026 21:12:30 PDT)

JASMINE PEARL NA
*Respondent*

# PETITIONER'S EXHIBIT ONE 1

**MAUMILRANG PSYCHOLOGICAL COUNSELING CENTER**
6F, 6 Seoun-ro, Seocho-gu, Seoul, Republic of Korea

# VERIFICATION OF COUNSELING

**Name :** (S.A.N.)

**Date of Birth :** April 15, 2019

**Counseling Period :** July 3, 2026 ~ present (ongoing)

**Number of Sessions :** 2 sessions completed (of 4 sessions scheduled)

**Type of Counseling :** Individual Child Psychological Counseling

**Counseling Institution :** Maumilrang Psychological Counseling Center

**Assigned Counselor :** Yu-Na Lee (이유나)

**Applicant (Requested by) :** Jung Wook Na (나정욱), Parent

---

## Confirmation

This is to confirm that the above-named child is currently receiving individual child psychological counseling at Maumilrang Psychological Counseling Center. The child began attending counseling following her entry into the Republic of Korea in July 2026, and counseling is presently ongoing.

To date, 2 of the 4 scheduled sessions have been completed (on July 3, 2026 and July 10, 2026), and the child continues to attend her scheduled sessions.

This letter is issued at the request of the child's parent solely to confirm the fact that counseling services are being provided at this Center. This Center is a private counseling institution and offers no opinion or assessment regarding any legal, custody, or related matter.

July 14, 2026

**Maumilrang Psychological Counseling Center**

Director: Minsun Kim (signature)

서울시 서초구 서운로 6, 6층
마음일랑심리상담센터
대표이사 김 민 선

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


# PREPARATORY BRIEF

| | |
|---|---|
| Case: | 2025DeuDan56733 – Divorce and Designation of Custodian |
| Plaintiff: | Na Jung Wook |
| Defendant: | Na Jasmine Pearl (NA JASMINE PEARL) |

With respect to the above-captioned case, counsel for the Plaintiff prepares for oral argument as follows.

**Contents**

## 1. Regarding the Custody of the Minor Children

### A. Entry of the Minor Child, (S.A.N.), into Korea

Pursuant to the Temporary Order dated June 22, 2026, issued by the United States District Court for the Central District of California, Southern Division, which is hearing the child return proceedings under the Hague Convention (Case No. 8:25-cv-02479-DOC-ADS), the minor child (S.A.N.) entered the Republic of Korea on June 29, 2026, and is presently staying in Korea (**Plaintiff's Exhibit No. 39, Temporary Order;**[1] **Plaintiff's Exhibit No. 40, Photograph of Na [redacted] Arrival in Korea**).[2]

### B. Necessity of a Family Court Investigation Regarding the Minor Child, Na [redacted]

[1] A Korean translation thereof will be submitted at a later date.

[2] The minor child (K.E.N.) must remain in the United States until further order.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


Pursuant to this Honorable Court's Investigation Order, a family court investigation is scheduled, and the 'views of the minor child' are also included among the matters to be investigated. Since the minor child, (S.A.N.), is presently staying in Korea, the Plaintiff respectfully requests that a thorough investigation of the minor child be conducted during the family court investigation proceedings.

**C. Request for Protective Measures**

Pursuant to this Honorable Court's Investigation Order, 'whether any other measures deemed necessary by the investigator' is included among the matters to be investigated.However, in addition thereto, the Plaintiff respectfully requests that the Court order protective measures such as child counseling and the appointment of a neutral professional[3] who can protect and serve as a guardian for the minor children from an impartial standpoint, independent of either the Plaintiff or the Defendant. At present, the Plaintiff and the Defendant are engaged in a dispute regarding custody of the minor children, the minor child has returned to Korea after residing overseas for a considerable period due to the Defendant's actions, and the Defendant alleges that the Plaintiff abused the minor children. Taking these circumstances into consideration, the Plaintiff respectfully requests the Court's active protective intervention.

**D. Request for Issuance of a Letter Rogatory Seeking Transmission of the Investigation Records Concerning the Minor Children**

A family court investigation concerning the minor children has already been conducted by the court presiding over the child return proceedings in the United States. There exists a transcript prepared after the United States court directly interviewed the minor children.That transcript contains not only the minor children's statements regarding their upbringing and living environment to date, but also their statements concerning the

[3] One possible method would be to order both the Plaintiff and the Defendant to appoint an assistant (legal representative/counsel) for the minor children.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


Defendant's allegations of child abuse, as well as most of the matters requiring investigation in the present case. Accordingly, the transcript constitutes evidence necessary not only for the family court investigation in this case but also for the Court's ultimate determination regarding designation of the custodial parent. However, the transcript is not disclosed to the parties. The United States court has indicated that 'it will transmit the transcript if requested by the Korean court.'[4]

Pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the Republic of Korea and the United States are Contracting States, the judicial authority of one Contracting State may, in accordance with the provisions of its own law, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence or perform other judicial acts (Article 1). Accordingly, the Plaintiff respectfully requests that this Honorable Court issue a Letter of Request to the United States Central Authority, namely, the Department of Justice, Office of International Judicial Assistance, requesting transmission of the above-referenced transcript.

Alternatively, even without resorting to such a formal procedure, because the United States court has presently expressed its willingness to cooperate actively with requests for judicial assistance from the Korean court, it is believed that the transcript could be transmitted merely upon a request made by e-mail or other similar means.

**2. Conclusion**

The Plaintiff prepares for oral argument as set forth above.

[4] The United States court has expressed substantial concern regarding whether the minor children will be adequately protected by the Korean court if they are returned to Korea, and hopes that active judicial cooperation will take place with the Korean court presiding over the divorce proceedings.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


**Method of Proof**

1. Plaintiff's Exhibit No. 39 – Temporary Order

2. Plaintiff's Exhibit No. 40 – Photograph of (S.A.N.)'s Arrival in Korea

June ___, 2026

Counsel for the Plaintiff

**MYUNGCHEON LAW FIRM (LLC)**

Attorney Choi Dong Hoon

**To:**

**The Honorable Family Division 3, Single-Judge Panel**

**Seoul Family Court**

# PETITIONER'S EXHIBIT TWO

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


# PREPARATORY BRIEF

Case: 2025DeuDan56733 – Divorce and Designation of Custodian

Plaintiff: Na Jung Wook

Defendant: Na Jasmine Pearl (NA JASMINE PEARL)

With respect to the above-captioned case, counsel for the Plaintiff prepares for oral argument as follows.

**Contents**

## 1. Regarding the Custody of the Minor Children

### A. Entry of the Minor Child, (S.A.N.), into Korea

Pursuant to the Temporary Order dated June 22, 2026, issued by the United States District Court for the Central District of California, Southern Division, which is hearing the child return proceedings under the Hague Convention (Case No. 8:25-cv-02479-DOC-ADS), the minor child (S.A.N.) entered the Republic of Korea on June 29, 2026, and is presently staying in Korea (**Plaintiff's Exhibit No. 39, Temporary Order;**[1] **Plaintiff's Exhibit No. 40, Photograph of Na [redacted] Arrival in Korea**).[2]

### B. Necessity of a Family Court Investigation Regarding the Minor Child, Na [redacted]

[1] A Korean translation thereof will be submitted at a later date.

[2] The minor child (K.E.N.) must remain in the United States until further order.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


Pursuant to this Honorable Court's Investigation Order, a family court investigation is scheduled, and the 'views of the minor child' are also included among the matters to be investigated. Since the minor child, (S.A.N.), is presently staying in Korea, the Plaintiff respectfully requests that a thorough investigation of the minor child be conducted during the family court investigation proceedings.

**C. Request for Protective Measures**

Pursuant to this Honorable Court's Investigation Order, 'whether any other measures deemed necessary by the investigator' is included among the matters to be investigated.However, in addition thereto, the Plaintiff respectfully requests that the Court order protective measures such as child counseling and the appointment of a neutral professional[3] who can protect and serve as a guardian for the minor children from an impartial standpoint, independent of either the Plaintiff or the Defendant. At present, the Plaintiff and the Defendant are engaged in a dispute regarding custody of the minor children, the minor child has returned to Korea after residing overseas for a considerable period due to the Defendant's actions, and the Defendant alleges that the Plaintiff abused the minor children. Taking these circumstances into consideration, the Plaintiff respectfully requests the Court's active protective intervention.

**D. Request for Issuance of a Letter Rogatory Seeking Transmission of the Investigation Records Concerning the Minor Children**

A family court investigation concerning the minor children has already been conducted by the court presiding over the child return proceedings in the United States. There exists a transcript prepared after the United States court directly interviewed the minor children.That transcript contains not only the minor children's statements regarding their upbringing and living environment to date, but also their statements concerning the

[3] One possible method would be to order both the Plaintiff and the Defendant to appoint an assistant (legal representative/counsel) for the minor children.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


Defendant's allegations of child abuse, as well as most of the matters requiring investigation in the present case. Accordingly, the transcript constitutes evidence necessary not only for the family court investigation in this case but also for the Court's ultimate determination regarding designation of the custodial parent. However, the transcript is not disclosed to the parties. The United States court has indicated that 'it will transmit the transcript if requested by the Korean court.'[4]

Pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the Republic of Korea and the United States are Contracting States, the judicial authority of one Contracting State may, in accordance with the provisions of its own law, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence or perform other judicial acts (Article 1). Accordingly, the Plaintiff respectfully requests that this Honorable Court issue a Letter of Request to the United States Central Authority, namely, the Department of Justice, Office of International Judicial Assistance, requesting transmission of the above-referenced transcript.

Alternatively, even without resorting to such a formal procedure, because the United States court has presently expressed its willingness to cooperate actively with requests for judicial assistance from the Korean court, it is believed that the transcript could be transmitted merely upon a request made by e-mail or other similar means.

**2. Conclusion**

The Plaintiff prepares for oral argument as set forth above.

[4] The United States court has expressed substantial concern regarding whether the minor children will be adequately protected by the Korean court if they are returned to Korea, and hopes that active judicial cooperation will take place with the Korean court presiding over the divorce proceedings.

Personal Information Leakage Warning Registrant: Myungcheon Law Firm (LLC) Date and time of Filing: Jun 30, 2026, 6:09 PM
Download date and time: Jul 09, 2026, 4:55 PM


**Method of Proof**

1. Plaintiff's Exhibit No. 39 – Temporary Order

2. Plaintiff's Exhibit No. 40 – Photograph of (S.A.N.)'s Arrival in Korea

June ___, 2026

Counsel for the Plaintiff

**MYUNGCHEON LAW FIRM (LLC)**

Attorney Choi Dong Hoon

**To:**

**The Honorable Family Division 3, Single-Judge Panel**

**Seoul Family Court**

# PETITIONER'S EXHIBIT THREE 3

서울특별시 중구 퇴계로 131,
202호(신일빌딩)
[별지 제41호서식]

# 공증인 박종수 사무소

(전화) 02-779-5581~2
(팩스) 02-779-5584

Registered No. 2026 - 7464

# NOTARIAL CERTIFICATE

PARK JONG SOO NOTARY OFFICE

#202, 131, Toegye-ro, Jung-gu, Seoul, Korea

Download date and time: May 15, 2026, 4:47 PM

# SEOUL FAMILY COURT
# INVESTIGATION ORDER

| | |
|---|---|
| Case: | 2025DeuDan56733 – Divorce and Designation of Custodian |
| Plaintiff: | Na Jung Wook |
| Defendant: | Na Jasmine Pearl (NA JASMINE PEARL) |

In relation to the above-captioned case, the Court orders the investigator to investigate the following matters and submit a written report as soon as possible.

**Matters to be Investigated**

1. Divorce Issues

■ (1) Whether the marriage has broken down, the cause of the breakdown, and the date of separation

■ (2) The parties' intentions regarding divorce

□ (3) Whether marital counseling or individual counseling is necessary

□ (4) Other – Please ask both parties about their relationship with their parents and the atmosphere of their original family/home environment (including questions regarding both the husband's and wife's families).

2. Parental Rights and Custody Issues

■ (1) Determination of parental authority and custodianship

■ (2) Child-rearing environment (□ Whether an on-site investigation is necessary ■ The wishes/opinions of the minor children)

■ (3) Allocation of child support expenses (current and future)

■ (4) Whether visitation should occur and the method of visitation

Download date and time: May 15, 2026, 6:47 PM

■ (5) Parent education regarding custody (or visitation) – online participation available

□ (6) Other ( )

4. ■ The issues most heavily disputed between the parties, and each party's claims and supporting grounds
(including whether supporting evidence exists and the contents of such evidence)

5. ■ Whether there is any intent to settle between the parties and the possibility of settlement

6. Other (□ Psychological evaluation order □ Mediation measures □ Preliminary disposition ■ Any other measures deemed necessary by the investigator)

May 15, 2026

Judge Kim Sun Hee Electronically signed

다운로드일시:2026.05.15 18:47

# 서 울 가 정 법 원

# 조 사 명 령

| | | |
|---|---|---|
| 사 | 건 | 2025드단56733 이혼 및 양육자 지정 |
| 원 | 고 | 나정욱 |
| 피 | 고 | 나재스민펄(NA JASMINE PEARL) |

위 사건에 관하여 조사관은 다음사항을 조사하여 빠른 시일 내 서면으로 보고할 것을 명한다.

## 조 사 사 항

1. 이혼 부분

■ ① 파탄여부, 파탄원인, 별거시기

■ ② 이혼에 관한 당사자의 의사

□ ③ 부부상담 또는 개인상담이 필요한지 여부

□ ④ 기타 - 원부모와의 관계 및 원가정의 분위기를 본인 및 상대방(시가 및 처가에 대하여)에게 질문해주시기 바랍니다.

2. 친권 및 양육 부분

■ ① 친권자 및 양육자의 결정

■ ② 양육환경 (□ 출장조사의 필요성 여부 ■ 사건본인의 의사)

■ ③ 양육비용의 부담 (현재 및 향후)

■ ④ 면접교섭 여부 및 방법

다운로드일시:2026.05.15 18:47

■ ⑤ 양육(또는 면접교섭)에 관한 부모교육 - 온라인 가능

□ ⑥ 기타( )

4. ■ 당사자 사이에 다툼이 가장 심한 부분과 그에 대한 당사자의 주장 및 그 근거 (주장의 입증자료 유무와 그 내용)

5. ■ 당사자 사이의 화해의사 및 화해가능성

6. 기타 (□ 심리검사명령, □ 조정조치, □ 사전처분 ■ 기타 조사관이 판단하는 제반 조치의 필요성 여부)

2026. 5. 15.

판사 김 선 희 전자서명완료

서울특별시 중구 퇴계로 131,
202호(신일빌딩)
[별지 제45호서식]

# 공증인 박종수 사무소

(전화) 02-779-5581~2
(팩스) 02-779-5584

위 번역문은 원문과 상위없음을 서약합니다.

2026년 05월 27일

서약인 (signature) (seal)

I swear that the attached translation is true to the original.

May 27, 2026

Signature (signature)

등부 2026 년 제 7464호

Registered No. 2026-7464

## 인 증

## Notarial Certificate

위 왕숙현 ------------------ 은 본 공증인의 면전에서 위 번역문이 원문과 상위없음을 확인하고 서명날인 하였다.

WANG SOOKHYUN ------ personally appeared before me, confirmed that the attached translation is true to the original and subscribed his(her) name.

2026년 05월 27일
이 사무소에서 위 인증한다.

This is hereby attested on this 27th day of May 2026 at this office.

공증사무소 명칭
**공증인 박종수 사무소**
소 속 서울중앙지방검찰청
소재지표시
서울특별시 중구 퇴계로 131,
202호(신일빌딩)

Name of the office
PARK JONG SOO NOTARY OFFICE
Belong to Seoul Central District Prosecutor's Office
Address of the office
#202, 131, Toegye-ro, Jung-gu, Seoul, Korea

(signature) (seal)

공증인
박 종 수

Signature of the Notary Public
PARK JONG SOO

본 사무소는 법률 제15150호에 의거하여 2023년 07월 28일 법무부 장관으로부터 공증인 업무를 행할 것을 인가 받았다.

This office has been authorized by the Minister of Justice, the Republic of Korea, to act as Notary Public Since 28, Jul. 2023 Under Law No.15150.

# PETITIONER'S EXHIBIT FOUR

서울특별시 중구 퇴계로 131,
202호(신일빌딩)
[별지 제41호서식]

# 공증인 박종수 사무소

(전화) 02-779-5581~2
(팩스) 02-779-5584

Registered No. 2026 - 7465

# NOTARIAL CERTIFICATE

PARK JONG SOO NOTARY OFFICE

#202, 131, Toegye-ro, Jung-gu, Seoul, Korea

210mm X 297mm
보존용지(1종) 70g/㎡

Download date and time: May 15, 2026, 6:47 PM

# SEOUL FAMILY COURT
# HEARING RECORD

1st Hearing

| | | |
|---|---|---|
| Case No.: | 2025DeuDan56733 Divorce and Designation of Custodian | |
| Judge: | Kim Sun Hee | Date: May 8, 2026 – 10:40 AM |
| Court Clerk: | Kim Yong Joo | Location: Courtroom 407 |
| | | Open to Public: Public Hearing |
| | | Next Hearing Date: To Be Designated Later |

The case and the names of the parties were called.

Plaintiff and Counsel: Law Firm Myungcheon (LLC), Attorney Choi Dong Hoon both appeared

Defendant's Counsel: Attorney Min Ji Won appeared.

Both parties appeared through counsel.

---

Plaintiff's Counsel

Stated the Complaint, Stated the March 17, 2026 preparatory brief Stated the two preparatory briefs dated March 19, 2026

Requested proof regarding the divorce grounds under Article 840(1) and Article 840(3) of the Korean Civil Act

Defendant's Counsel

Stated the preparatory brief dated May 7, 2026

Evidence: As listed separately in the evidentiary list (documentary evidence submitted by both parties)

Proceedings continued: For family court investigation purposes

| | | |
|---|---|---|
| Court Clerk: | Kim Yong Joo | electronically signed the record |
| Judge: | Kim Sun Hee | electronically signed the record |

다운로드일시:2026.05.15 18:47

# 서 울 가 정 법 원

## 변 론 조 서

1차

사 건 2025드단56733 이혼 및 양육자 지정

판 사 김 선 희 기 일: 2026. 5. 8. 10:40

법원주사보 김 용 주 장 소: 제407호 법정

공개 여부: 공 개

고지된 다음 기일: 추후지정

사건과 당사자의 이름을 부름

원고 및 소송대리인 법무법인(유한) 명천 담당변호사 최동훈 각 출석

피고 소송대리인 변호사 민지원 출석

---

원고 대리인

소장, 2026. 3. 17.자 준비서면, 2026. 3. 19.자 준비서면(2건) 각 진술

청구 원인의 민법 제840조 제1호 및 제3호의 이혼사유에 대하여 입증 촉구

피고 대리인

2026. 5. 7.자 준비서면 진술

증거관계 별도 목록과 같음(쌍방 서증등)

속행(가사조사를 위하여)

법원주사보 김 용 주 전자서명완료

판 사 김 선 희 전자서명완료

서울특별시 중구 퇴계로 131,
202호(신일빌딩)
[별지 제45호서식]

# 공증인 박종수 사무소

(전화) 02-779-5581~2
(팩스) 02-779-5584

위 번역문은 원문과 상위없음을 서약합니다.

2026년 05월 27일

서약인 왕숙현 (인)

I swear that the attached translation is true to the original.

May 27, 2026

Signature

등부 2026 년 제 7465호

## 인 증

위 왕숙현 ------------------ 은 본 공증인의 면전에서 위 번역문이 원문과 상위없음을 확인하고 서명날인 하였다.

----------------------------

----------------------------

2026년 05월 27일
이 사무소에서 위 인증한다.

공증사무소 명칭
**공증인 박종수 사무소**
소 속 서울중앙지방검찰청
소재지표시
서울특별시 중구 퇴계로 131,
202호(신일빌딩)

박종수

공증인
박 종 수

본 사무소는 법률 제15150호에 의거하여 2023년 07월 28일 법무부 장관으로부터 공증인 업무를 행할 것을 인가 받았다.

Registered No. 2026-7465

## Notarial Certificate

WANG SOOKHYUN ------ personally appeared before me, confirmed that the attached translation is true to the original and subscribed his(her) name.

--------------------------------

--------------------------------

This is hereby attested on this 27th day of May 2026 at this office.

Name of the office
PARK JONG SOO NOTARY OFFICE
Belong to Seoul Central District Prosecutor's Office
Address of the office
#202, 131, Toegye-ro, Jung-gu, Seoul, Korea

Park

Signature of the Notary Public
PARK JONG SOO

This office has been authorized by the Minister of Justice, the Republic of Korea, to act as Notary Public Since 28, Jul. 2023 Under Law No.15150.

210mm X 297mm
보존용지(1종) 70g/㎡

# PETITIONER'S EXHIBIT FIVE

# WRITTEN PLEDGE

To the Honorable Presiding Judge:

I, **Jung Wook Na**, hereby make the following statements:

1. I submit this Written Pledge as the **Plaintiff** in the pending divorce action and as the **Petitioner** in the child return proceedings under the Hague Convention.
2. If the United States Court orders the return of my daughters pursuant to the **Convention on the Civil Aspects of International Child Abduction**, and my daughters return to the Republic of Korea, **I will not pursue any criminal liability against the Respondent, Jasmine Pearl Na (Na Jasmine Pearl).**
3. I further affirm that I have **not filed any criminal complaint** against Jasmine Pearl Na in connection with the alleged child abduction to date, and **I have no intention of doing so in the future.**
4. I hope that Jasmine Pearl Na will be able to **enter and depart from the Republic of Korea freely**, and, if necessary, **I will provide the maximum support and cooperation that I am able to offer.**
5. If Jasmine Pearl Na enters the Republic of Korea, **I will comply with the custody determinations made by the United States Court.** Accordingly, **I will not prevent or interfere with Jasmine Pearl Na from spending time with our daughters as ordered by the Court.**

July 15, 2026

Declarant: Jung Wook Na *(Signature)*

# 확 약 서

존경하는 재판장님께

본인 나정욱은 아래와 같이 진술합니다.

1. 저는 이혼소송의 원고이자 아동반환심판(헤이그협약) 청구 사건의 청구인으로서 본 확약서를 제출합니다.

2. 만약 「국제적 아동탈취의 민사적 측면에 관한 협약」(CONVENTION ON CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION)에 따라 미국 법원이 딸들의 반환을 명령하시는 경우, 그리고 저의 딸들이 한국으로 돌아오는 경우, 저는 피고(나재스민펄)에 대한 어떠한 형사상 책임도 묻지 않겠습니다.

3. 또한 저는 지금까지 나재스민펄의 아동탈취와 관련하여 어떠한 형사고소도 하지 않았고, 앞으로도 할 의사가 없다는 점을 확약합니다.

4. 저는 나재스민펄이 자유롭게 한국에 입국하고 출국할 수 있기를 희망하며, 필요하다면 제가 할 수 있는 최대한의 지원과 협조를 하겠습니다.

5. 나재스민펄이 한국에 입국하는 경우, 저는 미국 법원이 양육권에 관하여 결정한 사항을 준수할 것입니다. 따라서 저는 나재스민펄이 법원의 명령에 따라 딸들과 함께 시간을 보내는 것을 막거나 방해하지 않겠습니다.

2026. 7. 15.

작성자 나정욱__________(서명)

# PETITIONER'S EXHIBIT SIX

# PROGRESS REPORT - DOMESTIC VIOLENCE BATTERERS' INTERVENTION PROGRAM

DATE: 07/13/2026
(Today's Date)

NOTIFICATION OF: [ ] ENROLLMENT [✓] PROGRESS [ ] COMPLETION [ ] VIOLATION (Check One)
TO: [✓] COURT [ ] PROBATION *NOTE: A copy of this report must be sent to the District/City Attorney at the referring court.

COURT CASE NO: ______ X-# ______ (if any)

COURT: Superior Court of California, California Federal Court DPO: ______ (if any)

AREA OFFICE: ______ (Mandatory for probation referrals)

FROM: Christian Counseling Services
Agency Name
3660 Wilshire Blvd., Suite 820, Los Angeles CA 90010
Address
Telephone (213) 381-7554

---------------------------DEFENDANT INFORMATION (MANDATORY)---------------------------

Name Jung Wook Na Date of Birth 07/07/1983
Address 30-1, Oya-ro, #201, Sujeong-gu, Seongnam-si, S. Korea Telephone +82 10 6269-9213

**STATUS:** (Check applicable boxes)

| STATUS | DATE: (mandatory) |
|---|---|
| [✓] ENROLLED/INTAKE | 03/03/2026 |
| [✓] DATE OF BEGINNING THE SESSION | 03/06/2026 |
| [ ] RE-ENROLLED | |
| [ ] DISMISSED (UNSATISFACTORY DISCHARGE) | |
| [ ] COMPLETION PENDING (SESSIONS COMPLETED, FEES OWED) | |
| [ ] COMPLETION (SATISFACTORY COMPLETION, FEES PAID) | |
| [ ] OTHER | |

**# OF SESSIONS:** (32 division / 52 probation)

| | |
|---|---|
| 19 | SESSIONS ATTENDED |
| 0 | SESSIONS MISSED |
| 52 | SESSIONS RECOMMENDED |

**PROGRAM FEES:**

| | |
|---|---|
| COST PER SESSION | $ 45 |
| TOTAL PROGRAM COST | $ 2,420 |
| PAYMENTS CURRENT ((Y) / N ) | |
| BALANCE OWING BALANCE | $ 1,350 |
| PAST DUE | $ 0 |

**CONCURRENT ALCOHOL/DRUG TREATMENT** [ ] Yes [✓] No
(If "yes," name of program: ______ )

**REPORT:**

PARTICIPATION IS SATISFACTORY
[ ] NO FURTHER PARTICIPATION BE RECOMMENDED
[✓] CONTINUED PARTICIPATION RECOMMENDED

PARTICIPATION IS UNSATISFACTORY DUE TO:
[ ] LACK OF COOPERATION
[ ] POOR ATTENDANCE
[ ] OTHER (Be specific)

**COMMENTS/REASON:** (Required for unsatisfactory or continued participation; see back)
Mr. Jung Wook Na continues to attend the Domestic Violence Program consistently and demonstrated serious commitment to the process. He actively engages in group discussions on each topic and openly shared about new thoughts and insights. Mr. Na recognizes the significance of healthy marital relationships and their positive impact on children's well-being. He is open to learn various lessions from his past relationships and is motivated to make improvements to build healthier relationships moving forward. Mr. Na is making satisfactory progress at this time.

I DECLARE THAT THE INFORMATION CONTAINED IN THIS REPORT IS TRUE AND CORRECT BASED UPON THE REQUIREMENTS OF THIS PROGRAM AND CALIFORNIA STATE STANDARDS FOR BATTERERS' PROGRAMS.

Written Signature Irene Yeom Date 7-13-2026
(Authorized as an agency representative) (Date signed)
Print Name Irene Yeom Title: Domestic Violence Program Counselor

# PETITIONER'S EXHIBIT SEVEN

# Status of the Proceedings Before the Korean Court

## 1. Actions Taken by Plaintiff's Counsel

With respect to the divorce action currently pending before the Korean court (Seoul Family Court Case No. 2025DeuDan56733, Divorce and Designation of Custodian), counsel for Plaintiff Jung Wook Na reports the status of the proceedings as follows.

Plaintiff's counsel filed a Preparatory Brief on June 30, 2026. The principal contents of the Preparatory Brief are as follows: (1) notification that, pursuant to the Temporary Order issued by the United States Court, the minor child, Na [redacted] entered the Republic of Korea on June 29, 2026; (2) a request that the Family Court Investigation procedure concerning the minor child, Na [redacted] be conducted; (3) a request that the Court take active measures, including child counseling and the appointment of a neutral professional, independent of both the Plaintiff and the Defendant, who can protect the minor child and serve in a guardian-like role; and (4) a request that the United States Court transmit the investigation records (transcript) concerning the minor children that are currently in its possession. [**Attachments: 1. Preparatory Brief; 2. Search My Case**[1]].

## 2. Measures Being Taken by the Korean Court

### A. Overall Status of the Proceedings

1. On May 8, 2026, the first hearing was held.

   The presiding judge ordered that a Family Court Investigation be conducted.

   **[Attachment 3 – Hearing Record]**

[1] https://www.scourt.go.kr/portal/information/events/search/search.jsp

2. On May 15, 2026, the family investigation order was issued. **[Attachment 4 Investigation Order]**

## B. Family Investigation

1. Contents and Schedule

Pursuant to the judge's order, the family investigation procedure is currently underway. The matters for family investigation include investigation of both parents and investigation of the minor children.

The scheduled family investigation dates are as follows.

| Date | Time | Type of Date | Location | Result |
|---|---|---|---|---|
| 2026. 7. 8. | 10:00 | Interview Investigation Date | Family Building, Room 624, Investigation Room | Plaintiff and minor child Na [redacted] attended |
| 2026. 7. 9. | 10:00 | Interview Investigation Date | | Defendant attended by video device |
| 2026. 7. 23. | 13:30 | Interview Investigation Date | | Plaintiff to attend |
| 2026. 8. 10. | | On-site investigation, child counseling | | Plaintiff and minor child [redacted] to attend. Minor child Na [redacted] to attend by video device |
| 2026. 8. 11. | 9:30 | Interview Investigation Date | | Defendant to attend by video device |

2. Minor Counseling

The Court is aware that the minor child, S.A.N. has entered the Republic of Korea. At the family investigation session held on July 8, 2026, the Plaintiff appeared together with the minor child, S.A.N. However, due to time constraints, the investigation was conducted only with respect to the Plaintiff, and S.A.N. is scheduled to receive counseling through an on-site investigation by the Family Court Investigator on August 10, 2026.

The on-site investigation will be conducted by the Family Court Investigator through a visit to the residence of the Plaintiff and the minor child, S.A.N. During the on-site investigation, an assessment of the residential environment and the child-rearing environment will be conducted, and an in-person counseling session with the minor child, S.A.N., will also take place.

The Family Court Investigator stated that, on the same day, counseling will also be conducted with respect to the minor child, K.E.N., by means of a video conferencing device(Zoom).

The Family Court Investigator further stated that, if there are any indications of child abuse with respect to the minor children, he or she is obligated to report such abuse to the competent authorities and will conduct the investigation accordingly. If child abuse is discovered through the counseling, the Court may issue protective measures for the children, including an order separating the children from the abusive environment, an order directing that the children be turned over to their mother in the United States, and may also refer the matter to the investigative authorities for criminal investigation.

3. Submission of the Family Court Investigation Report

Upon completion of the family court investigation procedure, the Family Court Investigator will prepare a report summarizing the findings of the investigation and submit it to the presiding judge. If the Family Court Investigator determines that measures are necessary for the parties or the minor children involved in the case (for example, payment of child support, implementation of visitation, issuance of a protective order, or separation measures), the Investigator will recommend such

measures. The Family Court Investigator will also present his or her opinions to the judge regarding the designation of the custodial parent, child support, visitation, and related matters, and the judge will render the final decision after taking those opinions into consideration.

4. Minor Child Na [redacted]

The minor child, K.E.N., is not currently residing in the Republic of Korea, and therefore an in-person family court investigation cannot be conducted at this time. However, the Court plans to conduct an investigation of K.E.N. by means of video conferencing(Zoom) on August 10, 2026. If K.E.N. enters the Republic of Korea, the Court may conduct an in-person investigation of K.E.N. in the same manner as it is conducting the investigation of Na [redacted]

**Attachments**

1. Preparatory Brief
2. Search My Case
3. Hearing Record
4. Investigation Order

July 9, 2026

Counsel for the Plaintiff, Jung Wook Na

**MYUNGCHEON LAW FIRM (LLC)**

Attorney in Charge: Choi Dong Hoon

# PROOF OF SERVICE

Case Name: *Na v. Na*
USDC Case No. 8:25-CV-02479-DOC-ADS

I, the undersigned, am over the age of eighteen years and am a resident of Orange County, California; I am not a party to the above-entitled action; my business address is 2050 Main Street, Suite 600, Irvine, CA 92614.

On July 15, 2026, I electronically submitted for filing JOINT STATUS REPORT RE. PROCEEDINGS IN THE KOREAN FAMILY COURT with the Clerk of the Court using the District Court's online filing service.

On July 15, 2026, I served a true and correct copy of JOINT STATUS REPORT RE. PROCEEDINGS IN THE KOREAN FAMILY COURT on the following interested parties by electronic mail:

Merritt McKeon, Esq.
24001 Calle de la Magdalena #2845
Laguna Hills, CA 92653
Merrittmck@hotmail.com

Loni Klein, Esq.
A Center for Children & Family Law
1111 W Chapman Ave.
Orange, CA 92868-2828
loni@centerforchildren.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of July 2026, at Irvine, California.

/s/Stephane Quinn
Stephane Quinn CFLS

# Joint Status Report dated 7-15-2026

Final Audit Report 2026-07-16

| | |
|---|---|
| Created: | 2026-07-16 |
| By: | Stephane Quinn (quinn@orangecountyfamilylaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAvX6YQiRhkVafVjJdle_OEkeBhGpRhWic |

## "Joint Status Report dated 7-15-2026" History

Document created by Stephane Quinn (quinn@orangecountyfamilylaw.com)
2026-07-16 - 4:01:04 AM GMT

Document emailed to jasminepjace@gmail.com for signature
2026-07-16 - 4:01:15 AM GMT

Email viewed by jasminepjace@gmail.com
2026-07-16 - 4:08:15 AM GMT

Signer jasminepjace@gmail.com entered name at signing as Jasmine Na
2026-07-16 - 4:12:28 AM GMT

Document e-signed by Jasmine Na (jasminepjace@gmail.com)
Signature Date: 2026-07-16 - 4:12:30 AM GMT - Time Source: server - Signature Appearance Selected: MOBILE_DRAW

Agreement completed.
2026-07-16 - 4:12:30 AM GMT