STEPHANE QUINN CFLS (SBN: 278188)
DAVID DWORAKOWSKI CFLS, CALS (SBN: 135285)
**QUINN & DWORAKOWSKI, LLP**
IRVINE CONCOURSE
2050 Main Street, 6th Floor, Suite 600
Irvine, California 92614
Telephone: (949) 660-1400
E-Mail: quinn@orangecountyfamilylaw.com
E-Mail: david@orangecountyfamilylaw.com

Attorneys for Respondent JASMINE PEARL NA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| JUNG WOOK NA,<br>*Petitioner*,<br><br>vs.<br><br>JASMINE PEARL NA,<br>*Respondent*. | **CASE NO.: 8:25-CV-02479-DOC-ADS**<br><br>**RESPONDENT'S EX PARTE APPLICATION FOR IMMEDIATE ADMINISTRATIVE STAY AND ORDER SHORTENING TIME ON MOTION FOR STAY PENDING APPEAL AS TO MINOR CHILD S.A.N.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Ex Parte Application: Decision on Papers Requested<br>Underlying Motion Hearing: October 19, 2026, 8:30 a.m.<br>Courtroom: 10A |

**TO THE HONORABLE DAVID O. CARTER, UNITED STATES DISTRICT JUDGE, PETITIONER JUNG WOOK NA, AND HIS COUNSEL OF RECORD:**

Respondent Jasmine Pearl Na ("Mother") applies ex parte under Federal Rule of Civil Procedure 62(d), Federal Rule of Appellate Procedure

8(a)(1)(A), and Local Rules 6-1 and 7-19 for an immediate administrative stay of the portion of the September 4, 2026, Order and Judgment (Dkt. 69) directing the return of S.A.N. to the Republic of Korea, and for an order shortening time on Mother's concurrently filed Motion for Stay Pending Appeal. Mother also requests that, if the Court denies the full stay, the administrative stay remain in effect for seven calendar days so she may seek relief from the Ninth Circuit under Rule 8(a)(2).

Mother is contemporaneously filing a Notice of Appeal from Dkt. 69. (Quinn Decl. ¶ 11.) She does not ask the Court to decide the appeal ex parte. She asks only that the status quo be preserved while the fully briefed stay motion is considered.

## I. RELIEF REQUESTED.

Mother requests an order: (1) immediately staying the portion of Dkt. 69 directing S.A.N.'s return and placement with Father; (2) prohibiting the parties and persons acting at their direction from facilitating international travel for S.A.N. while the administrative stay is in effect; (3) requiring secure nonuse and neutral retention of every passport or travel document for S.A.N. in either party's possession, custody, or control; (4) shortening time for opposition, reply, and determination of the Motion for Stay Pending Appeal; and (5) continuing the administrative stay for seven calendar days after any denial of the full stay so Mother may seek emergency relief from the Ninth Circuit.

## II. EX PARTE RELIEF IS NECESSARY.

Ex parte relief is appropriate where the moving party will suffer irreparable prejudice if required to proceed on the regular motion calendar and did not create the emergency through a lack of diligence. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met.

The Court filed Dkt. 69 on September 4, 2026, and the CM/ECF notice issued on September 8. On September 8 and 9, Father directed Mother to send S.A.N. to Korea "asap" and "by this Saturday," proposed that Asiana personnel escort the seven-year-old child if Mother would not accompany her, and told Mother to act before "the DA picks her up." (Declaration of Jasmine Pearl Na ("J. Na Decl.") ¶ 5, Ex. 1 at 119; Declaration of Stephane Quinn ("Quinn Decl.") ¶¶ 4–5.) Father's own word for a District Attorney pickup was "traumatized." (J. Na Decl. Ex. 1 at 119.) Father's counsel separately asked the Orange County District Attorney's Child Abduction Unit to assist with the return, demanded turnover of a passport, and stated that Father could purchase tickets immediately. (Quinn Decl. ¶ 6, Ex. A.)

The Judgment supplies no return date and no procedure for passports, an escort, interim placement, school transition, therapy continuity, protective conditions, or contact between the sisters. (Dkt. 69 at 14, 23.) Although the Senior Deputy District Attorney stated that the transfer would not occur that day or that week, that statement is not a judicial stay and does not bind Father. (Quinn Decl. ¶ 7, Ex. A.) The Saturday Father demanded has passed, but he has not withdrawn the demand, and no agreement preserves the status quo. (Quinn Decl. ¶¶ 9, 12, Ex. B.) Father's demands establish a concrete risk that the transfer will occur before an ordinary twenty-eight-day motion schedule could be completed.

Mother did not create the emergency. She received electronic notice on September 8, sought a short voluntary standstill beginning September 10, pursued Petitioner's position in writing, and on September 14 provided oral ex parte notice and attempted the Local Rule 7-3 conference. Petitioner confirmed his opposition to a stay and no agreement preserved the status quo. (Quinn Decl. ¶¶ 9–11, Ex. B.) Local Rule 6-1 permits the Court to order

shorter notice. Without an administrative stay, the very act under appellate review may occur before the Court can consider the full motion.

## III. THE MOTION PRESENTS SERIOUS QUESTIONS AND THE EQUITIES FAVOR PRESERVING THE STATUS QUO.

The Court found that Father struck K.E.N. with a stick, caused bruising, concealed the injuries, directed the child not to disclose the abuse, kept her from mandated reporters, and created an environment of secrecy. It further found that school, therapist, or guardian reporting could not sufficiently protect "the children." (Dkt. 69 at 12–13, 15–17, 22–23.) Yet the Order directed S.A.N. to return because Father had not previously hit her and her experiences differed from K.E.N.'s. (*Id.* at 13.)

The appeal raises focused questions concerning whether Article 13(b)'s prospective inquiry was fully applied to S.A.N.; whether the Order reconciled its finding that reporting could not protect "the children" (Dkt. 69 at 22) with the return of the younger child to the same household; whether the "intolerable situation" clause and the consequences of international sibling separation were addressed; whether the material double negative concerning S.A.N.'s in-camera statement requires Rule 52 clarification; and whether safety-related implementation terms should be clarified before transfer. Those issues are developed in the concurrently filed motion.

The threatened injury is individualized and immediate. S.A.N. would be separated from Mother and K.E.N., moved internationally, and placed in Father's care before appellate review, without a transition or sibling-contact plan. (Dkt. 69 at 14, 23; J. Na Decl. ¶¶ 5, 7–8.) On September 10, Mother attempted to take S.A.N. to school; the child became extremely upset, cried, and could not separate from Mother. (J. Na Decl. ¶ 6.) *Chafin v. Chafin* recognizes that courts should apply the traditional stay factors to Hague

return orders and may protect children through appropriate stays and expedited proceedings. 568 U.S. 165, 179–80 (2013).

A short administrative stay imposes limited prejudice. Father can continue frequent electronic contact. (J. Na Decl. ¶ 9; Quinn Decl. ¶ 8, Ex. A.) Mother will accept reasonable conditions, including no international travel, retention of all available passports by counsel, continued school and therapy, continued communication with Father, and expedited prosecution of the appeal. (J. Na Decl. ¶¶ 9–13.) The administrative stay preserves the existing placement; it does not decide custody or the ultimate appeal.

## IV. NOTICE AND CONFERENCE OF COUNSEL.

Opposing counsel is Merritt McKeon, Esq., 24001 Calle de la Magdalena #2845, Laguna Hills, California 92653; telephone: (949) 584-1281; email: merrittmck@hotmail.com.

On September 14, 2026, at 4:22 p.m., Mother's counsel telephoned Ms. McKeon and orally advised her of the date and substance of this ex parte application, the requested administrative stay, the Motion for Stay Pending Appeal, the proposed interim conditions, the request for an expedited schedule, and the requested seven-day bridge stay. Ms. McKeon confirmed that Petitioner opposes a stay. Counsel also advised that any opposition must be filed within twenty-four hours of electronic or hand service, consistent with Judge Carter's published procedures. (Quinn Decl. ¶ 10.)

During the same telephone call, Mother's counsel attempted to confer under Local Rule 7-3 regarding the stay motion and possible resolution. Alexandra Sandoval of counsel's office was present. Ms. McKeon stated that she did not understand why counsel was asking for Petitioner's position, argued the merits and disputed factual allegations, and terminated the call before the conference could be completed. She did not state Petitioner's position on the request to shorten time, the alternative seven-day bridge stay,

the proposed interim passport and travel restrictions, or mediation. At 4:42 p.m., Mother's counsel memorialized the call in writing. At 4:46 p.m., Ms. McKeon again stated in writing that Petitioner opposed a stay and would not agree to refrain from taking implementation steps absent a court order. The parties did not resolve or narrow the dispute. The seven-day interval in Local Rule 7-3 could not be observed because Father demanded transfer within days of electronic notice of the Judgment. Mother respectfully requests that the Court excuse or shorten that interval. (Quinn Decl. ¶¶ 9–10, 12, Ex. B.)

## V. CONCLUSION

Mother respectfully requests an immediate administrative stay and an order shortening time for consideration of the concurrently filed Motion for Stay Pending Appeal. After expedited consideration, Mother requests a stay pending appeal. If the Court denies the full stay, Mother requests a seven-day bridge stay to seek relief under Federal Rule of Appellate Procedure 8(a)(2).

Dated: September 15, 2026

**QUINN & DWORAKOWSKI, LLP**

/s/ Stephane Quinn
STEPHANE QUINN, CFLS
Attorneys for Respondent
JASMINE PEARL NA

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Respondent Jasmine Pearl Na, certifies that this memorandum contains 1,408 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 15, 2026

/s/ Stephane Quinn,
STEPHANE QUINN, CFLS