STEPHANE QUINN CFLS (SBN: 278188)
DAVID DWORAKOWSKI CFLS, CALS (SBN: 135285)
**QUINN & DWORAKOWSKI, LLP**
IRVINE CONCOURSE
2050 Main Street, 6th Floor, Suite 600
Irvine, California 92614
Telephone: (949) 660-1400
E-Mail: quinn@orangecountyfamilylaw.com
E-Mail: david@orangecountyfamilylaw.com

Attorneys for Respondent JASMINE PEARL NA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| JUNG WOOK NA,<br>*Petitioner*,<br><br>vs.<br><br>JASMINE PEARL NA,<br>*Respondent*. | **CASE NO.: 8:25-CV-02479-DOC-ADS**<br><br>**DECLARATION OF STEPHANE QUINN IN SUPPORT OF RESPONDENT'S EX PARTE APPLICATION AND MOTION FOR STAY PENDING APPEAL**<br><br>Underlying Motion Hearing: October 19, 2026, 8:30 a.m.<br>Ex Parte Application: Decision on Papers Requested<br>Courtroom: 10A |

I, Stephane Quinn, declare:

1. I am an attorney licensed to practice before this Court and counsel of record for Respondent Jasmine Pearl Na. I have personal knowledge of the matters stated in this declaration and, if called, could testify competently to them.

2. On September 4, 2026, the Court filed its Order and Judgment Granting Petition in Part; Findings of Fact and Conclusions of Law. (Dkt. 69.) The Court ordered that S.A.N. be returned to the Republic of Korea to

reside with Petitioner and that K.E.N. remain in the United States. The CM/ECF notice of Dkt. 69 was transmitted on September 8, 2026.

3. Dkt. 69 does not state a return date or establish a procedure concerning passports, airline travel, an escort, a power of attorney, transition, schooling, therapy, protective conditions, or continuing contact between the sisters.

4. Respondent has provided me with, and I have reviewed, messages that Petitioner sent directly to her through TalkingParents on September 8 and 9, 2026. In those messages Petitioner wrote, “Please send [S.A.N.] back asap . . . ,” instructed Respondent to act “before the DA picks her up” so that the child would not “get traumatized,” directed her to “send her back by this Saturday,” proposed that Asiana personnel escort the child if Respondent would not accompany her, and specified that the child should be placed on an evening flight because it had Wi-Fi. (J. Na Decl., Ex. 1 at 119.)

5. Shortly before judgment, on August 25, 2026, Petitioner had written through the same platform, “Judge Carter still wants to give us a chance to keep the kids together. . . . Please let's not split the kids up.” (J. Na Decl., Ex. 1 at 116.) The authenticated TalkingParents excerpts containing the statements described in paragraphs 4 and 5 are attached as Exhibit 1 to Respondent’s declaration.

6. On September 9, 2026, Petitioner’s counsel, Merritt McKeon, emailed the Orange County District Attorney’s Child Abduction Unit and requested its assistance in returning S.A.N. to Korea. She requested turnover of S.A.N.’s passport, stated that Petitioner’s father could travel to pick up the child, stated that Petitioner could purchase tickets, and urged that “we need to get something moving asap.” A true and correct copy of the relevant email chain, which I sent or received in the course of this representation, is attached to this declaration as Exhibit A.

7. In the same email chain, Senior Deputy District Attorney Tammy Jacobs stated that the return would not occur that day or that week, asked whether there was room for mediation or whether the parties intended to separate the children, and suggested placing implementation issues, including therapy and passports, before Department L65.

8. Guardian ad Litem Loni Klein stated in the same chain that settlement would be the best option and that there needed to be a plan for the girls to see one another. Ms. Klein later reported that each child had her own electronic device, that each could call Father whenever she wished, and that they regularly messaged him.

9. On September 10, 2026, I sent Petitioner's counsel a written request that Petitioner agree, without prejudice, that no steps be taken to implement S.A.N.'s return until this Court ruled on a stay request and for seventy-two hours after any denial so Respondent could seek relief from the Ninth Circuit. On September 14, after additional written requests for Petitioner's position, Ms. McKeon stated that Petitioner opposed a stay and did not agree to refrain from taking steps to implement the return absent a court order. True and correct copies of that correspondence are attached as Exhibit B.

10. On September 14, 2026, at 4:22 p.m., I called Ms. McKeon. Alexandra Sandoval of my office was present throughout the call. I orally advised Ms. McKeon that Respondent would request an immediate administrative stay, an order shortening time, a stay pending appeal, reasonable interim passport and travel conditions, and an alternative seven-day bridge stay if the full stay were denied. I also advised her that Judge Carter's procedures require any opposition to the ex parte application to be filed within twenty-four hours of electronic or hand service. Ms. McKeon confirmed that Petitioner opposes a stay. When I attempted to obtain

Petitioner's position on the remaining requested relief and discuss whether the dispute could be resolved or narrowed, Ms. McKeon stated that she did not understand why I was asking those questions, argued the merits and the parties' disputed factual allegations, and terminated the call before the conference could be completed. She did not state Petitioner's position on the request to shorten time, the alternative seven-day bridge stay, the proposed interim passport and travel restrictions, or mediation. At 4:42 p.m., I memorialized the call in writing. At 4:46 p.m., Ms. McKeon again stated in writing that Petitioner did not agree to a stay and would not agree to refrain from taking implementation steps absent a stay order. The parties did not resolve or narrow the dispute. The conference occurred fewer than seven days before filing because electronic notice of judgment issued September 8 and Petitioner sought implementation within days.

11. Respondent is contemporaneously filing a Notice of Appeal from Dkt. 69 and intends to seek expedited appellate review.

12. As of the execution of this declaration, no written agreement or court order prevents the parties from taking steps to implement S.A.N.'s return while the stay request is pending. Petitioner has expressly opposed a stay and has not agreed to the requested interim passport and travel restrictions or bridge stay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2026, at Irvine, California.

/s/ Stephane Quinn
STEPHANE QUINN, CFLS

# EXHIBIT A

## Email Correspondence, September 8–14, 2026

*Index of messages in chronological order. Page references are to the stamped exhibit page on which the message appears as sent. Printouts are reproduced as received; each shows the most recent message first with earlier messages quoted beneath. Minors are identified by initials.*

| Date / Time | From / To | Message | Ex. Page |
|---|---|---|---|
| Sept. 8, 9:34 a.m. | CM/ECF | Notice of Electronic Filing of Dkt. 69 (Order and Judgment) | 4 |
| Sept. 9, 10:14 a.m. | McKeon to Jacobs | Requests DA assistance in returning S.A.N. to Korea | 4 |
| Sept. 9, 10:40 a.m. | Jacobs to all | Three preliminary questions, including whether there is room for mediation | 3 |
| Sept. 9, 10:44 a.m. | Klein to all | Settlement would be the best option; there needs to be a plan for the girls to see each other | 11 |
| Sept. 9, 10:46 a.m. | McKeon to Jacobs | Grandfather can travel; passport to be returned; tickets; “get something moving asap” | 2 |
| Sept. 9, 10:51 a.m. | Jacobs to all | “Will not be done today or even this week”; calendar in L65; power of attorney | 2 |
| Sept. 9, 12:11 p.m. | Quinn to Klein | Children available to meet minor’s counsel after 3:00 p.m. | 10 |
| Sept. 9, 1:03 p.m. | Klein to all | Asks whether anyone will appeal or seek a stay | 10 |
| Sept. 9, 3:26 p.m. | McKeon to all | “Apparently S.A.N. didn’t go to school today” | 9 |
| Sept. 9, 3:51 p.m. | Klein to all | Met with both girls; S.A.N. was sick; both have devices, can call Father whenever they want, regularly message him | 8 |
| Sept. 10, 4:41 p.m. | Quinn to McKeon | Written standstill request: no implementation until ruling on stay and 72 hours after any denial | 6 |
| Sept. 14, 6:47 a.m. | McKeon to all | Accusations re illness, school, therapy, contact; asks when stay will be filed; contempt threat | 29 |
| Sept. 14, 12:47 p.m. | Quinn to all | Corrections to the record with TalkingParents cites; written notice of stay filings; five questions | 24 |
| Sept. 14, 12:55 p.m. | McKeon to all | “Daniel does not want to separate the girls. He does however want S.A.N. returned.” | 23 |
| Sept. 14, 3:19 p.m. | Quinn to all | Seven yes/no questions on the requested stay relief; 4:00 p.m. deadline; 4:15 p.m. call | 20 |
| Sept. 14, 3:27 p.m. | McKeon to all | “We would oppose a stay … does not agree to staying the order” | 19 |
| Sept. 14, 4:42 p.m. | Quinn to all | Memorialization of the 4:22 p.m. call; relief listed; call terminated by counsel | 18 |
| Sept. 14, 4:46 p.m. | McKeon to all | “We do not agree to a stay … does not agree that he should be stayed from [purchasing a ticket] without a stay order” | 17 |
| Sept. 14, 5:03 p.m. | Quinn to all | Response to accusation regarding the call; witness present; positions to be reported | 16 |
| Sept. 14, 5:11 p.m. | McKeon to all | “We look forward to your filed pleadings.” | 16 |

**From:** Jacobs, Tammy
**To:** merritt mckeon; Stephane Quinn; David Dworakowski; Loni Klein
**Cc:** Ridlon, Nathan; Robles, Cassandra
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment
**Date:** Wednesday, September 9, 2026 10:51:11 AM
**Attachments:** image001.png

---

I appreciate the urgency, however, this will not be done today or even this week. I need to review things, and Ms. Klein needs to meet with her clients. I suggest that one of the parties get this case on calendar as soon as possible in L65 to sort out some of these details, including therapy, passports etc.

Please start working on the power of attorney for the grandfather or whomever will be traveling with S.A.N.

*Tammy Jacobs*
Senior Deputy District Attorney
Child Abduction Unit

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, September 9, 2026 10:46 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**Attention:** This email originated from outside the Orange County District Attorney's Office. Use caution when opening attachments or links.

Mr. Na's father can travel to pick up S.A.N. We hope to hear from opposing counsel, or if Jasmine could respond to my client's Talking Parents, but we feel because the children

are kept out of school, and no information on K.E.N.'s therapy, we may need to get assistance. S.A.N.'s passport needs to be returned to your office and arrangements need to be made to get her back to Korea as school has already started there.
My client can get tickets but we need to get something moving asap.
Merritt

Get Outlook for iOS

---

**From:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>
**Sent:** Wednesday, 09 September 2026 10:40:05
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear all
Thank you for the update.
I will review everything and see what our options are. I do have some preliminary questions if one or all of you can answer I would appreciate it.

1. Originally Mr. Na's father was present and had the power of attorney to travel with the children if a return was ordered. Is this still the plan?
2. Is there any room for mediation or is this the final decision of the court and all parties to separate the children?
3. Is there going to be a hearing set back in L65 for future custody arrangements pertaining to K.E.N.?

(I have added my investigators to this email thread)
Sincerely,

*Tammy Jacobs*
Senior Deputy District Attorney
Child Abduction Unit

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, September 9, 2026 10:14 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**Attention:** This email originated from outside the Orange County District Attorney's Office. Use caution when opening attachments or links.

Dear Ms. Jacobs,
Judge Carter ordered the return of S.A.N.to South Korea. I attach his order.
We are asking for the assistance of the District Attorney's Office in returning her to Korea.
The minor children have been kept out of school for the past week. The children rarely speak to Mr. Na after S.A.N.returned from her visit to Korea, and Ms. Jasmine Na is not responding to my client's requests for information about K.E.N.'s therapy nor any other topic.
We are deeply concerned that this return will be delayed and seek any assistance possible.
Please let us know what we can do, I am reaching out to counsel to see if they can assist here.
Best regards,
Merritt McKeon, Esq.
For Jung Wook Na

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, September 8, 2026 9:34 AM
**To:** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
**Subject:** Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 9/8/2026 at 9:34 AM PDT and filed on 9/4/2026
**Case Name:** Jung Wook Na v. Jasmine Pearl Na

**Case Number:** 8:25-cv-02479-DOC-ADS

**Filer:**

**WARNING: CASE CLOSED on 09/04/2026**

**Document Number:** 69

**Docket Text:**
**ORDER AND JUDGMENT GRANTING PETITION IN PART; FINDINGS OF FACT & CONCLUSIONS OF LAW by Judge David O. Carter, Related to: Evidentiary Hearing, [67]. The Court held an eleven-day evidentiary hearing (the trial). For the reasons described below, the Court ORDERS the return of S.A.N to South Korea, while K.E.N shall remain in the United States. The Court will not be addressing custody arrangements, as this is an inappropriate use of judicial power under ICARA. See document for details. (MD JS-6, Case Terminated).(es)**

**8:25-cv-02479-DOC-ADS Notice has been electronically mailed to:**

David Anthony Dworakowski david@orangecountyfamilylaw.com

Stephane Quinn quinn@orangecountyfamilylaw.com

Merritt Lori McKeon merrittmck@hotmail.com

**8:25-cv-02479-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

**From:** Stephane Quinn
**To:** merritt mckeon; "Loni Klein"; Jacobs, Tammy; David Dworakowski
**Cc:** Ridlon, Nathan
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment
**Date:** Thursday, September 10, 2026 4:41:00 PM
**Attachments:** image004.png
image005.png
image006.png
image007.png

---

Dear Merritt,

We need a straight answer from your client.

In closing argument, you told Judge Carter that Father did not want K.E.N. and S.A.N. separated and would rather have both girls remain together in the United States than divide them between two countries. Father made the same point directly to Jasmine shortly before the ruling, writing, "Please let's not split the kids up." I took that position seriously, and you asked Judge Carter to accept it as your client's genuine position.

Immediately after receiving notice of the judgment, however, Father demanded that Jasmine send S.A.N. back "asap" and "by this Saturday." He proposed having Asiana personnel escort her if Jasmine would not accompany her and told Jasmine to send her before "the DA picks her up." None of those demands addresses how S.A.N. will transition or how the girls will maintain their relationship after they are separated. I do not understand how that fits with the position Father took before Judge Carter.

Does Father still stand by the position you presented in closing and that he expressed directly to Jasmine? If he does, he should agree to leave things where they are long enough for the stay request to be heard and for the parties to pursue expedited mediation. Jasmine is prepared to discuss a comprehensive arrangement that keeps the sisters together and gives Father meaningful, structured contact with both girls, subject to appropriate safeguards.

I also checked with Jasmine about the school, therapy, and contact issues raised in your emails to Ms. Jacobs.

K.E.N. began therapy at Child Guidance Center on August 26, and S.A.N. had her initial session on September 2. K.E.N.'s regular sessions are now scheduled for Wednesday evenings at 6:00 p.m., so they will not interfere with school. S.A.N.'s ongoing schedule is being determined following her initial assessment. Before the

judgment was issued, Jasmine provided Father through TalkingParents with the provider's name, address and telephone number, the therapist's first name, and the appointment dates. The suggestion that she has not provided information regarding K.E.N.'s therapy is incorrect.

The statement that Jasmine simply kept both girls out of school for the past week is also inaccurate. K.E.N. missed two half-days for the girls' initial therapy appointments because no appointments outside school hours were available. The household then became ill. K.E.N. returned to school on September 9. S.A.N. remained sick and has a pediatric appointment scheduled for today. Jasmine attempted to take her to school this morning, but S.A.N. became extremely upset, cried, and could not separate from her. Jasmine is contacting the school so that appropriate support can be put in place.

Jasmine has not restricted Father's contact with either child. S.A.N. FaceTimes with him every day, often more than once. K.E.N. regularly messages him and recently FaceTimed with him at the dinner table. Loni independently confirmed that both girls have their own devices, can call Father whenever they wish, and regularly message him. The statement that the children rarely communicate with Father is not accurate.

For clarity regarding the passport issue, Jasmine has S.A.N.'s Korean passport and her emergency U.S. passport. Father already has S.A.N.'s regular U.S. passport.

Loni has stated that settlement would be the best option and that there needs to be a plan for the girls to see one another. Ms. Jacobs has likewise asked whether mediation remains possible, stated that the return will not occur today or this week, and suggested getting the matter promptly before Department L65. That is the sensible course. This should not be handled by purchasing a ticket first and trying to work out the transition, therapy, schooling, and the sisters' future contact afterward.

The federal judgment orders S.A.N.'s return, but it does not set a return date or address her passports, travel arrangements, escort, power of attorney, school transition, therapy, or continued contact with K.E.N.

Jasmine intends to appeal the portion of the judgment ordering

S.A.N.'s return and will ask Judge Carter for an immediate administrative stay and a stay pending appeal. She is not refusing to comply with the Court's order. She is asking that the stay request be heard before S.A.N. is transferred internationally and before the sisters are separated without any plan in place.

Please confirm whether Father will agree, without prejudice to either party's rights, that no further steps will be taken to carry out S.A.N.'s return until Judge Carter rules on the stay request, and for 72 hours after any denial so that Jasmine may seek relief from the Ninth Circuit. This includes no turnover of the passports in Jasmine's possession, no purchase of airline tickets, no execution of a power of attorney or escort documents, and no further request that the District Attorney's Office implement the return during that period.

The parties can use that time to arrange expedited mediation and seek an appropriate hearing in Department L65.

Best,
Quinn

QUINN & DWORAKOWSKI
Family Law | Estate Planning | Probate
2050 Main Street Ste. 600, Irvine, CA 92614

Stephane Quinn
*Certified Family Law Specialist The State Bar of California Board Of Legal Specialization*
949-660-1400
quinn@orangecountyfamilylaw.com
orangecountyfamilylaw.com

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** Loni Klein <Loni@centerforchildren.com>
**Sent:** Wednesday, September 9, 2026 3:51 PM
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>

**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Hello Counsels.

I met with the girls today. S.A.N.was sick and that's why she missed a day of school.

Both of my clients have their own electronic device and they confirmed they can call their father whenever they want. They also stated they regularly message their Father.

I discussed the Court's order with both of my clients. I will speak to them again once there is a definitive plan on next steps.

Best regards,

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX

The information in this electronic mail ("email") message may beconfidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, 09 September 2026 15:26:21
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Apparently S.A.N. didn't go to school today. That's all I know.
Merritt

Get Outlook for iOS

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, 09 September 2026 13:03:29
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Yes, I will be there about 3pm or so. If they arrive shortly thereafter that is fine.

Is anyone going to appeal Judge Carters decision or request a stay on the order pending an appeal?

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
Helping Build Families

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>

**Sent:** Wednesday, September 9, 2026 12:11 PM
**To:** Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

HI Loni,

I spoke with Jasmine and the girls are available after 3 this afternoon at the grandparents' home. Does that work for you?

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, September 9, 2026 10:44 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Hello all.

Thank you for sharing the ruling.

I would like to meet with my clients this afternoon. I can go to their home if needed but want to meet with them asap.

K.E.N. needs to commence therapy asap. Please advise of status.

A settlement would be the best option. There needs to be a plan for the girls to see each other.

Best regards,

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
*Helping Build Families*

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by
calling (714) 937-1234.

---

**From:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>
**Sent:** Wednesday, September 9, 2026 10:40 AM
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear all
Thank you for the update.
I will review everything and see what our options are. I do have some preliminary

questions if one or all of you can answer I would appreciate it.

1. Originally Mr. Na's father was present and had the power of attorney to travel with the children if a return was ordered. Is this still the plan?
2. Is there any room for mediation or is this the final decision of the court and all parties to separate the children?
3. Is there going to be a hearing set back in L65 for future custody arrangements pertaining to K.E.N.?

(I have added my investigators to this email thread)
Sincerely,

*Tammy Jacobs*
Senior Deputy District Attorney
Child Abduction Unit

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, September 9, 2026 10:14 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**Attention:** This email originated from outside the Orange County District Attorney's Office. Use caution when opening attachments or links.

Dear Ms. Jacobs,
Judge Carter ordered the return of S.A.N.to South Korea. I attach his order.
We are asking for the assistance of the District Attorney's Office in returning her to Korea.
The minor children have been kept out of school for the past week. The children rarely speak to Mr. Na after S.A.N.returned from her visit to Korea, and Ms. Jasmine Na is not responding to my client's requests for information about K.E.N.'s therapy nor any other topic.
We are deeply concerned that this return will be delayed and seek any assistance possible.

Please let us know what we can do, I am reaching out to counsel to see if they can assist here.
Best regards,
Merritt McKeon, Esq.
For Jung Wook Na

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, September 8, 2026 9:34 AM
**To:** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
**Subject:** Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 9/8/2026 at 9:34 AM PDT and filed on 9/4/2026

**Case Name:** Jung Wook Na v. Jasmine Pearl Na
**Case Number:** 8:25-cv-02479-DOC-ADS
**Filer:**
**WARNING: CASE CLOSED on 09/04/2026**
**Document Number:** 69

**Docket Text:**
**ORDER AND JUDGMENT GRANTING PETITION IN PART; FINDINGS OF FACT & CONCLUSIONS OF LAW by Judge David O. Carter, Related to: Evidentiary Hearing, [67]. The Court held an eleven-day evidentiary hearing (the trial). For the reasons described below, the Court ORDERS the return of S.A.N to South Korea, while K.E.N shall remain in the United States. The Court will not be addressing custody arrangements, as this is an inappropriate use of judicial power under ICARA. See document for details. (MD JS-6, Case Terminated).(es)**

**8:25-cv-02479-DOC-ADS Notice has been electronically mailed to:**

David Anthony Dworakowski david@orangecountyfamilylaw.com

Stephane Quinn quinn@orangecountyfamilylaw.com

Merritt Lori McKeon merrittmck@hotmail.com

**8:25-cv-02479-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

| | |
|---|---|
| **From:** | merritt mckeon |
| **To:** | Stephane Quinn; Loni Klein; Jacobs, Tammy; David Dworakowski |
| **Cc:** | Ridlon, Nathan; Robles, Cassandra |
| **Subject:** | Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment |
| **Date:** | Monday, September 14, 2026 5:11:49 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

It's ok, you are entitled to your opinion regarding how you speak to me. I am entitled to my own perception. I have found it insufferable yet I endure. This is not the first time I have found your actions objectionable.

We look forward to your filed pleadings.

Merritt McKeon, Esq.

For Jung Wook Na

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 17:03:13
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Merritt,

I neither yelled at you nor berated you. Alexandra Sandoval was on the line for the entire call and can attest to both what was said and the tone in which it was said.

My 4:42 p.m. email, sent shortly after the call, memorialized the call as it occurred: I identified the two purposes of the call, listed the relief Mother will seek, confirmed Father's opposition to a stay, and attempted to obtain his position on the remaining requested relief. You stated that you did not understand why I was asking those questions, argued the merits and the parties' disputed factual allegations, and then terminated the call.

You are an experienced attorney and are familiar with the rules of court. The questions I asked were directed to the relief I was required to disclose and the positions I was required to ascertain before filing. I also responded directly to the factual accusations you placed before minor's counsel and the District Attorney. You cannot place those accusations on a multi-party thread and then characterize a direct response as yelling or berating.

Describing the call that way does not change what was said or what

remains unanswered.

Your latest email confirms two points I will report to the Court: Father opposes a stay, and Father will not agree to refrain from purchasing a ticket or taking other steps to implement the return absent a court order. You still have not stated Father's position on the request to shorten time, the alternative seven-day bridge stay, or the proposed interim passport and travel restraints. I will report that accurately as well.

Oral notice of the ex parte application has been given.
Service will follow.

Best,

Quinn

A Center for Children & Family Law Inc

ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 4:46 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

We do not agree to a stay. My client cannot even purchase a return ticket and so does not have the possibility of doing so without either an order compelling your client to

comply, and so my response that of course he can't buy a ticket but he does not agree that he should be stayed from doing so without a stay order placed on him.
Your yelling and berating me while I am telling you my position and your consistent demeaning tone and words are indeed offensive.
My client as you are well aware, has always complied with orders.
We await service of your Stay application and notice of appeal.
Merritt McKeon, Esq.

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 16:42:11
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Merritt,

This confirms our telephone call today at 4:22 p.m. Alexandra Sandoval was also present on the call.

I stated at the outset that I was calling for two purposes: first, to conduct the conference required by Local Rule 7-3 concerning Mother's motion for stay pending appeal; and second, to provide oral notice under Local Rule 7-19.1 of Mother's ex parte application.

I advised you that Mother intends to seek:

- An immediate administrative stay of the portion of Docket 69 ordering S.A.N's return to Korea;
- An order shortening time on the motion for stay pending appeal;
- A stay pending appeal;
- Interim conditions preventing passport turnover, ticket purchases, execution of a power of attorney or airline-escort authorization, and implementation of the return while the stay request is pending; and
- Alternatively, a seven-day bridge stay so Mother may seek emergency relief from the Ninth Circuit if Judge Carter denies the full stay.

Your written email states that Father opposes a stay and "does not agree to staying the order." You confirmed Father's opposition to a stay during our call.

I then attempted to obtain Father's position on the remaining requested relief and to discuss whether any part of the dispute could be resolved or narrowed. You stated that you did not understand why I was asking these questions and began arguing the merits and the parties' disputed factual allegations. I explained that I was providing the oral notice required by Local Rule 7-19.1 and attempting to complete the conference required by Local Rule 7-3, including obtaining Father's position on each form of relief. You then terminated the call before the conference could be completed.

Accordingly, oral notice of the ex parte application and the relief requested was provided, but you did not state Father's position on the request to shorten time, the alternative seven-day bridge stay, the proposed interim passport and travel restrictions, or mediation under the present postjudgment circumstances. The parties were also unable to discuss whether the dispute could be resolved or narrowed.

If I do not receive a correction from you by 5:00 p.m. today, I will advise the Court that Father opposes a stay; that counsel terminated the conference before stating Father's position on the remaining requested relief; and that the parties were unable to resolve or narrow the dispute.

The ex parte papers will be electronically served later today. This email also confirms that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours after electronic or hand service.

Please advise immediately if anything above inaccurately describes our call or Father's position.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 3:27 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra

<Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

We would oppose a stay. Mr. Na has complied with all court orders, voluntarily enrolled in a 52 week BIP program, undergone therapy, done parenting classes, and worked relentlessly to settle this case.
Under the circumstances obviously he does not agree to staying the order.
If you wish to discuss settlement I suggest you look at all the offers we previously made for the children to primarily reside in Korea and have summer and winter in Irvine as well as unlimited time in Korea for your client with an apartment available to her. GAL for the children. Therapy for the children.
Mr. Na would ask for his fees to be paid by Ms. Na.
That's it.
Your client wants one year on one year off. My client does not see this as a workable solution.
My client never reviewed the courtesy of a response to his offer.
Merritt McKeon

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 15:19:06
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Merritt,

You still have not answered a single one of the stay questions in my prior email. Not one.

You ask when the stay will be filed, but you still will not say whether Father will agree to a temporary standstill, whether he opposes an immediate administrative stay, whether he opposes an order shortening time, whether he opposes a stay pending appeal, or whether he will agree to a short bridge stay so the Ninth Circuit can review any denial. Those are the questions I asked you to answer for purposes of the Local Rule 7-3 conference and the notice required by Local Rule 7-19.1. Your latest email answers none of them.

Instead, you state: "Daniel does not want to separate the girls. He does however want S.A.N. returned."

Merritt, that response states the contradiction; it does not resolve it. Under the current federal judgment, K.E.N. cannot be returned to Korea. **Judge Carter found by clear and convincing evidence that returning her would expose her to grave risk, ordered her to remain in the United States, and found that Father's proposed protective measures would not be sufficient to keep her safe.** Unless and until the judgment is modified or reversed, there is no lawful "both girls in Korea" option. If Father genuinely wants the sisters to remain together, the only presently available option is for S.A.N. to remain in the United States while the parties pursue mediation and appellate review. Father cannot have it both ways. He cannot invoke the importance of keeping the sisters together when it helps him before the Court and then insist on the only outcome that guarantees their separation once the ruling is issued. If Father insists that S.A.N. be sent to Korea, he is insisting that the sisters be separated. He may say that he does not want that result, but it is the result he is demanding.

You still have not explained how the position you presented in closing can have been genuine. You told Judge Carter that Father would rather have both girls remain together in the United States than see them separated. Father himself wrote, "Please let's not split the kids up." If he meant that, he should agree to a brief pause and immediate mediation. If he refuses, then his conduct answers the question.

Your demand for a medical note does not shift the burden to Jasmine to prove that a routine pediatric appointment occurred merely because you say you do not believe her. Father was advised of the illness, given the physician's name, office address, telephone number, and appointment time before the visit, and provided the physician's assessment immediately afterward. He already has the information necessary to contact the provider directly, which is precisely what he originally asked to do. Your personal disbelief does not create an additional obligation for Jasmine to obtain records for your benefit or convert the contemporaneous written record into something that can simply be ignored.

The authenticated TalkingParents record shows that, before the appointment on September 10, Jasmine gave Father the physician's name, office address, telephone number, and appointment time. That evening, she reported the physician's assessment, that medication was unnecessary, and the symptoms that would require a follow-up visit. Loni also independently confirmed after meeting with the children that S.A.N. had been sick.

Your statement that "we simply do not believe your client" is not

evidence. You ask, "what else can we think?" Start with the authenticated contemporaneous record. You were not present when S.A.N. became ill, when Jasmine took her to the pediatrician, or when the physician examined her. You have no personal knowledge that the appointment did not occur. You are counsel, not a percipient witness, and your personal credibility assessment does not convert Father's accusation into fact.

If Father contends that Jasmine made a specific false statement, identify the statement, the date it was made, and the evidence establishing that it was false. Otherwise, your personal disbelief does not convert Father's accusation into fact and should not be presented to the District Attorney or minor's counsel as though it does.

I am not asking for another narrative or another series of accusations against Jasmine. I need Father's position on the requested stay relief. Please answer each of the following with a direct yes or no:

- Will Father agree that no action will be taken to implement S.A.N.'s return until Judge Carter rules on the stay application?
- Does Father oppose an immediate administrative stay while Judge Carter considers the motion?
- Does Father oppose an order shortening time for consideration of the motion?
- Does Father oppose a stay pending appeal?
- If Judge Carter denies the stay, will Father agree to preserve the status quo for seven calendar days so Jasmine may seek emergency relief from the Ninth Circuit?
- Pending Judge Carter's ruling, will Father agree that there will be no passport turnover, airline-ticket purchase, power of attorney, airline-escort authorization, or request that the District Attorney's Office implement the return?
- Is Father willing to participate in immediate mediation directed toward keeping the sisters together while providing him meaningful and structured contact with both children, subject to appropriate safeguards?

It is time for Father to match his actions to the position he urged on Judge Carter.

The Notice of Appeal, ex parte application, and motion for stay pending appeal will be filed today after completion of the required conference.

Please provide Father's written response to each question 4:00 pm

today. If you again decline to answer, I will advise the Court that Father was given repeated written opportunities to state his position, did not agree to any form of standstill, and continued to demand S.A.N.'s immediate return while refusing to state whether he opposed the requested relief. In light of that record, Mother will understand Father to oppose the application and all relief requested in it unless you state otherwise.

As before, I will call you at 4:15 to complete the required oral conference and notice. I will also advise you that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours of electronic or hand service.

If you do not answer, I will leave a message and accurately document the attempt in my declaration.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 12:55 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Daniel does not want to separate the girls. He does however want S.A.N. returned.
Please ask your client for the doctor notes which she can surely get from the doctor.
Given your client's history of lying to my client and denying information which is easy for her to get, what else can we think?
We simply do not believe your client. S.A.N. was kept out of school for several days, a week later she went to the doctor and there is no evidence that happened.
Merritt

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 12:47:40
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Merritt,

Before I address the new accusations in your email, you still have not answered the central question in my prior message sent to you on Thursday, September 10, at 4:41 pm.

In closing argument, you represented to Judge Carter that Father did not want K.E.N. and S.A.N. separated and would rather have both girls remain together in the United States than divide them between two countries. Father made the same representation directly to Jasmine when he wrote, "Please let's not split the kids up." I took that representation seriously, and you asked Judge Carter to accept it as your client's genuine position. In that email, which was omitted from this thread, I asked you directly whether this was Father's genuine position. You did not answer.

Instead, you now respond with a series of new accusations against Jasmine, attempting to change the narrative. Those accusations do not answer the question.

**<u>So I am asking again</u>**: Was Father sincere when you told Judge Carter that he would rather have both girls remain together in the United States than see them separated, or was that just posturing for the Court? If that was his genuine position, he should agree to a brief standstill and immediate mediation directed toward keeping the sisters together. **<u>If it was not, say so plainly and the rest of us will act accordingly</u>**.

Your email also contains several factual assertions that are directly contradicted by the contemporaneous TalkingParents record. Because you made those assertions on a thread that includes Loni and the District Attorney's Office, I am correcting them on the same thread. Page references are to the authenticated TalkingParents record.

Father *was* informed that the children were sick.

- On September 7, Jasmine told him that "S.A.N. threw up and had some shivers, and K.E.N. and I were also not feeling well." (Record at 119.)
- On September 10, she gave him the pediatrician's name, address, telephone number, and appointment time, and told him she would provide an update. (Record at 120.)
- After the appointment, she told him that the doctor believed S.A.N. had a virus, that medication was unnecessary, and what symptoms would require a follow-up visit. (Record at 122.)

The claim that Father was not told about the children's illness is false.

The suggestion that Jasmine has deliberately kept the children out of school is also inaccurate.

- K.E.N. missed portions of August 26 and September 2 for the girls' initial therapy appointments because there were no appointments available outside school hours.
- The household then became ill, and K.E.N. was home on September 3, 4, and 8. She returned to school on September 9 and has resumed regular attendance.
- S.A.N. missed school for her initial therapy appointment and then remained home while she was ill.
- Jasmine attempted to return her to school on September 10, but S.A.N. became extremely upset, cried, and would not leave her side.
- Jasmine immediately told Father what had occurred. (Record at 122.)
- S.A.N. attended a half day on September 11, is attending another half day on September 14, and is expected to attempt a full day on September 15.
- Jasmine has also been communicating with S.A.N.'s teacher and the front office so that appropriate support can be put in place.

The claim that Jasmine failed to provide Father with information regarding the children's therapy is equally unsupported.

- On August 24, Jasmine told Father that she had moved both children from a telehealth provider to Child Guidance Center so that they could receive in-person treatment. She told him that K.E.N.'s first appointment was August 26 and S.A.N.'s was September 2, gave him the therapist's first name, and told him that the provider had been given his contact information. (Record at 116.)
- On August 26, she provided the provider's full name, address,

and telephone number and updated him after K.E.N.'s appointment. (Record at 117.)

- She later told him that the children remained in the assessment process and that K.E.N.'s sessions were being conducted individually. (Record at 119.)

The therapist has not disclosed the substance of K.E.N.'s private sessions to Jasmine. Jasmine cannot provide Father with information that the therapist has not provided to her. What she has provided is the provider information, appointment dates, scheduling information, and the general status of the children's assessment and treatment.

The medical-record issue is also being distorted.

- On August 21, Father asked for the doctor's contact information so that he could request the report himself. Jasmine told him that it was the same provider whose information had already been supplied. (Record at 114.)
- On September 12, she again explained that she did not personally possess the records, would need to request them from the provider, and would do so when she was available. She again gave him the provider's name and telephone number so that he could obtain the records sooner if he wished. (Record at 124.)

That is not a refusal to provide medical information.

Jasmine has not restricted Father's contact with either child.

- The TalkingParents record shows that she advised him when the girls were available to FaceTime, told him when S.A.N. was sleeping and could call him after she woke up, saw Father and K.E.N. speaking by FaceTime at the dinner table, repeatedly encouraged K.E.N. to contact him, and offered to establish a regular call time. (Record at 115, 123–25.)
- K.E.N. also showed Jasmine a recent call log and reported that she and Father had spoken the prior morning about Demon Slayer. (Record at 124.)
- Loni independently confirmed after meeting with both girls that each has her own electronic device, that both can call Father whenever they want, and that they regularly message him.
- Father also acknowledged a recent FaceTime with K.E.N., although he complained that she pointed the camera toward the kitchen rather than toward her face. (Record at 124.)

That does not establish that Jasmine prevented contact. Jasmine has also offered to establish a regular FaceTime schedule.

Your characterization of the settlement history is also inaccurate.

- On August 26, Jasmine wrote: "I remain willing to come to an

agreement, but reaching one requires mutual compromise and flexibility from both of us." (Record at 117.)

I am not going to litigate every prior settlement communication in this email. Father proposed terms that Mother did not accept, and Mother proposed terms that Father did not accept. That is not defiance, and it is not accurately described as "her way or the highway."

Your allegations concerning a Korean therapist, statements supposedly made to that therapist, and dental neglect are unsupported by anything attached to your email. If Father intends to rely on those claims, please provide the identity and contact information for the Korean therapist and dentist, the therapy and dental records, the dates of treatment, and the documents supporting the assertion that S.A.N.'s root canal was caused by neglect while she was in Mother's care. The fact that a child received a root canal does not, standing alone, establish neglect or identify when the underlying condition developed.

The assertion that the children had no contact with Father from August through October 2025 is disputed and is not a finding contained in the Court's Order. We are reviewing the contemporaneous text, FaceTime, and chat records from that period and will address the allegation if Father intends to place it formally at issue. I am not accepting Father's current recollection as established fact simply because it was included in an email.

The federal court's findings also cannot be rewritten through postjudgment accusations against Jasmine.

- **Judge Carter found that Father physically abused** K.E.N., **concealed her injuries, instructed her not to disclose the abuse, kept her away from mandated reporters, and created an environment of secrecy.**
- **The Court found grave risk by clear and convincing evidence and ordered** K.E.N. **to remain in the United States.**
- **The Court also rejected Father's proposed Korean guardian ad litem, therapy, school-reporting, housing, and compliance measures as insufficient to protect** K.E.N.

**<u>Now for the stay.</u>**

Jasmine is appealing the portion of the judgment ordering S.A.N. returned to Korea. We are finalizing the Notice of Appeal, the ex parte application for an immediate administrative stay and order shortening time, and the motion for stay pending appeal. We intend to file those papers immediately after completing the required conference today.

Jasmine is not refusing to comply with the judgment. She is timely exercising her right to seek appellate review and asking that the District Court decide the stay request before S.A.N. is transferred internationally. The judgment establishes no return date and no procedure concerning passports, travel, an escort, a power of attorney, school transition, therapy continuity, protective conditions, or continuing contact between the sisters.

Father himself expressed concern that having the District Attorney pick S.A.N. up would traumatize her. (Record at 119.) That concern further supports allowing Judge Carter to address the stay request before anyone attempts to implement an international transfer without a transition plan.

Your contempt threat is premature. If Father contends that Jasmine has already violated a specific provision of the judgment, please identify the provision, the applicable deadline, and the act that supposedly constitutes disobedience. Seeking a lawful stay is not contempt.

**For purposes of the Local Rule 7-3 conference and the oral notice required by Local Rule 7-19.1, please provide Father's position in writing on each of the following:**

1. Will Father agree that no action will be taken to implement S.A.N.'s return until Judge Carter rules on the stay application?
2. If Judge Carter denies the stay, will Father agree to preserve the status quo for seven calendar days so that Jasmine may seek emergency relief from the Ninth Circuit?
3. Does Father oppose the immediate administrative stay, the order shortening time, the full stay pending appeal, and the alternative seven-day bridge stay?
4. Pending Judge Carter's ruling, will Father agree that there will be no passport turnover, airline-ticket purchase, power of attorney, airline-escort authorization, or request that the District Attorney's Office implement the return?
5. Is Father willing to participate in immediate mediation directed toward keeping the sisters together while providing him meaningful and structured contact with both children, subject to appropriate safeguards?

Shortly before judgment, Father himself wrote, "Please let's not split the kids up." (Record at 116.)

Please provide Father's written position by 4:00 p.m. today. I will call you at 4:15 p.m. today to complete the required oral conference and notice. I

will also advise you during that call that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours of electronic or hand service.

Given the factual disputes now being created through email, I want each side's position confirmed in writing, and I will memorialize the call immediately afterward. If 4:15 p.m. does not work, please provide another time today when you are available.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 6:47 AM
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Mr. Quinn:
My client was not informed by your client, of the children's illness. He has requested medical records from your client and was told he can get them himself from the hospital or doctor.
This is shocking. How many days has S.A.N. been out of school?
Mr. Na has followed all court orders. When will the stay be filed?
I am concerned that your client seems to be keeping the children out of school and has failed to provide my client with any evidence S.A.N. was actually sick.
Mr. Na has repeatedly offered a custody order which would provide a G.A.L. In Korea, therapy, and regular custodial contact for Jasmine including a furnished apartment in Korea as well as summers and winter holiday in Irvine. He has never made a police

report and your client's reported fear of arrest, which she has openly discussed with both children, is ridiculous. My client has agreed to be bound by an order not to seek any arrest warrants in Korea.

No response has ever been received to our detailed offers of settlement, except that your client would only accept a one year on, one year off, custody agreement. Her way or the highway.

Again, this is not going to work. The children were uprooted by your client, brought to Irvine, kept from speaking to my client for August, September and October of 2025, and not placed in therapy until a couple of weeks ago, more than a year later.

My client placed S.A.N. into therapy in Korea in June 2026, and she repeatedly informed her therapist and my client that her mother, grandmother and sister K.E.N. were "always angry." S.A.N. needed and underwent a root canal in Korea, due to your client's neglect of her dental health. S.A.N. did not want to return, but my client followed the orders.

It is your client who is in defiance of court orders, not mine.

There is simply no offer in any of your words. No information nor notice of a Stay.

My client has only spoken a handful of times with K.E.N., and one FaceTime in 3 months. This would never occur if my client had custody in Korea!

Please answer: are you giving me notice of a stay you already filed? What is the plan?

Must I file a contempt action?

Merritt McKeon, Esq.

For Jung Wook Na

Get [Outlook for iOS]

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, 09 September 2026 15:26:21
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Apparently S.A.N. didn't go to school today. That's all I know.

Merritt

Get [Outlook for iOS]

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, 09 September 2026 13:03:29

**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Yes, I will be there about 3pm or so. If they arrive shortly thereafter that is fine.

Is anyone going to appeal Judge Carters decision or request a stay on the order pending an appeal?

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
Helping Build Families

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Wednesday, September 9, 2026 12:11 PM
**To:** Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy

<Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

HI Loni,

I spoke with Jasmine and the girls are available after 3 this afternoon at the grandparents' home. Does that work for you?

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, September 9, 2026 10:44 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Hello all.

Thank you for sharing the ruling.

I would like to meet with my clients this afternoon. I can go to their home if needed but want to meet with them asap.

K.E.N. needs to commence therapy asap. Please advise of status.

A settlement would be the best option. There needs to be a plan for the girls to see each other.

Best regards,

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
Helping Build Families

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

---

**From:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>
**Sent:** Wednesday, September 9, 2026 10:40 AM
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear all

Thank you for the update.

I will review everything and see what our options are. I do have some preliminary questions if one or all of you can answer I would appreciate it.

1. Originally Mr. Na's father was present and had the power of attorney to travel with the children if a return was ordered. Is this still the plan?
2. Is there any room for mediation or is this the final decision of the court and all parties to separate the children?
3. Is there going to be a hearing set back in L65 for future custody arrangements pertaining to K.E.N.?

(I have added my investigators to this email thread)
Sincerely,

*Tammy Jacobs*
Senior Deputy District Attorney
Child Abduction Unit

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, September 9, 2026 10:14 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**Attention:** This email originated from outside the Orange County District Attorney's Office. Use caution when opening attachments or links.

Dear Ms. Jacobs,
Judge Carter ordered the return of S.A.N. to South Korea. I attach his order.
We are asking for the assistance of the District Attorney's Office in returning her to Korea.
The minor children have been kept out of school for the past week. The children rarely speak to Mr. Na after S.A.N. returned from her visit to Korea, and Ms. Jasmine Na is not responding to my client's requests for information about K.E.N.'s therapy nor any other topic.
We are deeply concerned that this return will be delayed and seek any assistance possible.

Please let us know what we can do, I am reaching out to counsel to see if they can assist here.
Best regards,
Merritt McKeon, Esq.
For Jung Wook Na

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, September 8, 2026 9:34 AM
**To:** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
**Subject:** Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 9/8/2026 at 9:34 AM PDT and filed on 9/4/2026

**Case Name:** Jung Wook Na v. Jasmine Pearl Na
**Case Number:** 8:25-cv-02479-DOC-ADS
**Filer:**
**WARNING: CASE CLOSED on 09/04/2026**
**Document Number:** 69

**Docket Text:**
**ORDER AND JUDGMENT GRANTING PETITION IN PART; FINDINGS OF FACT & CONCLUSIONS OF LAW by Judge David O. Carter, Related to: Evidentiary Hearing, [67]. The Court held an eleven-day evidentiary hearing (the trial). For the reasons described below, the Court ORDERS the return of S.A.N to South Korea, while K.E.N shall remain in the United States. The Court will not be addressing custody arrangements, as this is an inappropriate use of judicial power under ICARA. See document for details. (MD JS-6, Case Terminated).(es)**

**8:25-cv-02479-DOC-ADS Notice has been electronically mailed to:**

David Anthony Dworakowski david@orangecountyfamilylaw.com

Stephane Quinn quinn@orangecountyfamilylaw.com

Merritt Lori McKeon merrittmck@hotmail.com

**8:25-cv-02479-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

# EXHIBIT B

## September 10, 2026 Standstill Request and September 14, 2026 Correspondence

*Index of messages in chronological order. Page references are to the stamped exhibit page on which the message appears as sent. Printouts are reproduced as received; each shows the most recent message first with earlier messages quoted beneath. Minors are identified by initials.*

| Date / Time | From / To | Message | Ex. Page |
|---|---|---|---|
| Sept. 10, 4:41 p.m. | Quinn to McKeon | Written standstill request: no implementation until ruling on stay and 72 hours after any denial | 2 |
| Sept. 14, 6:47 a.m. | McKeon to all | Accusations re illness, school, therapy, contact; asks when stay will be filed; contempt threat | 25 |
| Sept. 14, 12:47 p.m. | Quinn to all | Corrections to the record with TalkingParents cites; written notice of stay filings; five questions | 20 |
| Sept. 14, 12:55 p.m. | McKeon to all | "Daniel does not want to separate the girls. He does however want S.A.N. returned." | 19 |
| Sept. 14, 3:19 p.m. | Quinn to all | Seven yes/no questions on the requested stay relief; 4:00 p.m. deadline; 4:15 p.m. call | 16 |
| Sept. 14, 3:27 p.m. | McKeon to all | "We would oppose a stay … does not agree to staying the order" | 15 |
| Sept. 14, 4:42 p.m. | Quinn to all | Memorialization of the 4:22 p.m. call; relief listed; call terminated by counsel | 14 |
| Sept. 14, 4:46 p.m. | McKeon to all | "We do not agree to a stay … does not agree that he should be stayed from [purchasing a ticket] without a stay order" | 13 |
| Sept. 14, 5:03 p.m. | Quinn to all | Response to accusation regarding the call; witness present; positions to be reported | 12 |
| Sept. 14, 5:11 p.m. | McKeon to all | "We look forward to your filed pleadings." | 12 |

**From:** Stephane Quinn
**To:** merritt mckeon; "Loni Klein"; Jacobs, Tammy; David Dworakowski
**Cc:** Ridlon, Nathan
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment
**Date:** Thursday, September 10, 2026 4:41:00 PM
**Attachments:** image004.png
image005.png
image006.png
image007.png

---

Dear Merritt,

We need a straight answer from your client.

In closing argument, you told Judge Carter that Father did not want K.E.N. and S.A.N. separated and would rather have both girls remain together in the United States than divide them between two countries. Father made the same point directly to Jasmine shortly before the ruling, writing, "Please let's not split the kids up." I took that position seriously, and you asked Judge Carter to accept it as your client's genuine position.

Immediately after receiving notice of the judgment, however, Father demanded that Jasmine send S.A.N. back "asap" and "by this Saturday." He proposed having Asiana personnel escort her if Jasmine would not accompany her and told Jasmine to send her before "the DA picks her up." None of those demands addresses how S.A.N. will transition or how the girls will maintain their relationship after they are separated. I do not understand how that fits with the position Father took before Judge Carter.

Does Father still stand by the position you presented in closing and that he expressed directly to Jasmine? If he does, he should agree to leave things where they are long enough for the stay request to be heard and for the parties to pursue expedited mediation. Jasmine is prepared to discuss a comprehensive arrangement that keeps the sisters together and gives Father meaningful, structured contact with both girls, subject to appropriate safeguards.

I also checked with Jasmine about the school, therapy, and contact issues raised in your emails to Ms. Jacobs.

K.E.N. began therapy at Child Guidance Center on August 26, and S.A.N. had her initial session on September 2. K.E.N.'s regular sessions are now scheduled for Wednesday evenings at 6:00 p.m., so they will not interfere with school. S.A.N.'s ongoing schedule is being determined following her initial assessment. Before the

judgment was issued, Jasmine provided Father through TalkingParents with the provider's name, address and telephone number, the therapist's first name, and the appointment dates. The suggestion that she has not provided information regarding K.E.N.'s therapy is incorrect.

The statement that Jasmine simply kept both girls out of school for the past week is also inaccurate. K.E.N. missed two half-days for the girls' initial therapy appointments because no appointments outside school hours were available. The household then became ill. K.E.N. returned to school on September 9. S.A.N. remained sick and has a pediatric appointment scheduled for today. Jasmine attempted to take her to school this morning, but S.A.N. became extremely upset, cried, and could not separate from her. Jasmine is contacting the school so that appropriate support can be put in place.

Jasmine has not restricted Father's contact with either child. S.A.N. FaceTimes with him every day, often more than once. K.E.N. regularly messages him and recently FaceTimed with him at the dinner table. Loni independently confirmed that both girls have their own devices, can call Father whenever they wish, and regularly message him. The statement that the children rarely communicate with Father is not accurate.

For clarity regarding the passport issue, Jasmine has S.A.N.'s Korean passport and her emergency U.S. passport. Father already has S.A.N.'s regular U.S. passport.

Loni has stated that settlement would be the best option and that there needs to be a plan for the girls to see one another. Ms. Jacobs has likewise asked whether mediation remains possible, stated that the return will not occur today or this week, and suggested getting the matter promptly before Department L65. That is the sensible course. This should not be handled by purchasing a ticket first and trying to work out the transition, therapy, schooling, and the sisters' future contact afterward.

The federal judgment orders S.A.N.'s return, but it does not set a return date or address her passports, travel arrangements, escort, power of attorney, school transition, therapy, or continued contact with K.E.N.

Jasmine intends to appeal the portion of the judgment ordering

S.A.N.'s return and will ask Judge Carter for an immediate administrative stay and a stay pending appeal. She is not refusing to comply with the Court's order. She is asking that the stay request be heard before S.A.N. is transferred internationally and before the sisters are separated without any plan in place.

Please confirm whether Father will agree, without prejudice to either party's rights, that no further steps will be taken to carry out S.A.N.'s return until Judge Carter rules on the stay request, and for 72 hours after any denial so that Jasmine may seek relief from the Ninth Circuit. This includes no turnover of the passports in Jasmine's possession, no purchase of airline tickets, no execution of a power of attorney or escort documents, and no further request that the District Attorney's Office implement the return during that period.

The parties can use that time to arrange expedited mediation and seek an appropriate hearing in Department L65.

Best,
Quinn

QUINN & DWORAKOWSKI
Family Law | Estate Planning | Probate
2050 Main Street Ste. 600, Irvine, CA 92614

Stephane Quinn
*Certified Family Law Specialist The State Bar of California Board Of Legal Specialization*
949-660-1400
quinn@orangecountyfamilylaw.com
orangecountyfamilylaw.com

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** Loni Klein <Loni@centerforchildren.com>
**Sent:** Wednesday, September 9, 2026 3:51 PM
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>

**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Hello Counsels.

I met with the girls today. S.A.N.was sick and that's why she missed a day of school.

Both of my clients have their own electronic device and they confirmed they can call their father whenever they want. They also stated they regularly message their Father.

I discussed the Court's order with both of my clients. I will speak to them again once there is a definitive plan on next steps.

Best regards,

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX

The information in this electronic mail ("email") message may beconfidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, 09 September 2026 15:26:21
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Apparently S.A.N. didn't go to school today. That's all I know.
Merritt

Get Outlook for iOS

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, 09 September 2026 13:03:29
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Yes, I will be there about 3pm or so. If they arrive shortly thereafter that is fine.

Is anyone going to appeal Judge Carters decision or request a stay on the order pending an appeal?

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
Helping Build Families

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by calling (714) 937-1234.

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>

**Sent:** Wednesday, September 9, 2026 12:11 PM
**To:** Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

HI Loni,

I spoke with Jasmine and the girls are available after 3 this afternoon at the grandparents' home. Does that work for you?

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, September 9, 2026 10:44 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Hello all.

Thank you for sharing the ruling.

I would like to meet with my clients this afternoon. I can go to their home if needed but want to meet with them asap.

K.E.N. needs to commence therapy asap. Please advise of status.

A settlement would be the best option. There needs to be a plan for the girls to see each other.

Best regards,

Loni Klein, Esq.
A Center for Children & Family Law, Inc.
1111 W. Chapman Ave.
Orange, CA 92868

714-937-1234
714-937-1211 FAX
**Service Email:** LoniEservice@centerforchildren.com

A Center for Children & Family Law Inc.
ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

ACAL
Academy of California Adoption-ART Lawyers
Helping Build Families

Former President of ACAL

The information in this electronic mail ("email") message may be confidential and only for the use of the named recipient. The information may be protected by privilege, work product immunity, or other applicable law. If you are not the intended recipient, the retention, dissemination, distribution or copying of this email message is strictly prohibited. If you receive this email message in error please notify us immediately by
calling (714) 937-1234.

---

**From:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>
**Sent:** Wednesday, September 9, 2026 10:40 AM
**To:** merritt mckeon <merrittmck@hotmail.com>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear all
Thank you for the update.
I will review everything and see what our options are. I do have some preliminary

questions if one or all of you can answer I would appreciate it.

1. Originally Mr. Na's father was present and had the power of attorney to travel with the children if a return was ordered. Is this still the plan?
2. Is there any room for mediation or is this the final decision of the court and all parties to separate the children?
3. Is there going to be a hearing set back in L65 for future custody arrangements pertaining to K.E.N.?

(I have added my investigators to this email thread)
Sincerely,

*Tammy Jacobs*
Senior Deputy District Attorney
Child Abduction Unit

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, September 9, 2026 10:14 AM
**To:** Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; Stephane Quinn <quinn@ORANGECOUNTYFAMILYLAW.COM>; David Dworakowski <david@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**Attention:** This email originated from outside the Orange County District Attorney's Office. Use caution when opening attachments or links.

Dear Ms. Jacobs,
Judge Carter ordered the return of S.A.N.to South Korea. I attach his order.
We are asking for the assistance of the District Attorney's Office in returning her to Korea.
The minor children have been kept out of school for the past week. The children rarely speak to Mr. Na after S.A.N.returned from her visit to Korea, and Ms. Jasmine Na is not responding to my client's requests for information about K.E.N.'s therapy nor any other topic.
We are deeply concerned that this return will be delayed and seek any assistance possible.

Please let us know what we can do, I am reaching out to counsel to see if they can assist here.
Best regards,
Merritt McKeon, Esq.
For Jung Wook Na

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Tuesday, September 8, 2026 9:34 AM
**To:** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
**Subject:** Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 9/8/2026 at 9:34 AM PDT and filed on 9/4/2026

**Case Name:** Jung Wook Na v. Jasmine Pearl Na
**Case Number:** 8:25-cv-02479-DOC-ADS
**Filer:**
**WARNING: CASE CLOSED on 09/04/2026**
**Document Number:** 69

**Docket Text:**
**ORDER AND JUDGMENT GRANTING PETITION IN PART; FINDINGS OF FACT & CONCLUSIONS OF LAW by Judge David O. Carter, Related to: Evidentiary Hearing, [67]. The Court held an eleven-day evidentiary hearing (the trial). For the reasons described below, the Court ORDERS the return of S.A.N to South Korea, while K.E.N shall remain in the United States. The Court will not be addressing custody arrangements, as this is an inappropriate use of judicial power under ICARA. See document for details. (MD JS-6, Case Terminated).(es)**

**8:25-cv-02479-DOC-ADS Notice has been electronically mailed to:**

David Anthony Dworakowski david@orangecountyfamilylaw.com

Stephane Quinn quinn@orangecountyfamilylaw.com

Merritt Lori McKeon merrittmck@hotmail.com

**8:25-cv-02479-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

**From:** merritt mckeon
**To:** Stephane Quinn; Loni Klein; Jacobs, Tammy; David Dworakowski
**Cc:** Ridlon, Nathan; Robles, Cassandra
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment
**Date:** Monday, September 14, 2026 5:11:49 PM
**Attachments:** image001.png
image002.png
image003.png

---

It's ok, you are entitled to your opinion regarding how you speak to me. I am entitled to my own perception. I have found it insufferable yet I endure. This is not the first time I have found your actions objectionable.

We look forward to your filed pleadings.

Merritt McKeon, Esq.

For Jung Wook Na

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 17:03:13
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Merritt,

I neither yelled at you nor berated you. Alexandra Sandoval was on the line for the entire call and can attest to both what was said and the tone in which it was said.

My 4:42 p.m. email, sent shortly after the call, memorialized the call as it occurred: I identified the two purposes of the call, listed the relief Mother will seek, confirmed Father's opposition to a stay, and attempted to obtain his position on the remaining requested relief. You stated that you did not understand why I was asking those questions, argued the merits and the parties' disputed factual allegations, and then terminated the call.

You are an experienced attorney and are familiar with the rules of court. The questions I asked were directed to the relief I was required to disclose and the positions I was required to ascertain before filing. I also responded directly to the factual accusations you placed before minor's counsel and the District Attorney. You cannot place those accusations on a multi-party thread and then characterize a direct response as yelling or berating.

Describing the call that way does not change what was said or what

remains unanswered.

Your latest email confirms two points I will report to the Court: Father opposes a stay, and Father will not agree to refrain from purchasing a ticket or taking other steps to implement the return absent a court order. You still have not stated Father's position on the request to shorten time, the alternative seven-day bridge stay, or the proposed interim passport and travel restraints. I will report that accurately as well.

Oral notice of the ex parte application has been given.
Service will follow.

Best,

Quinn

A Center for
Children & Family Law Inc.

ADVOCATING FOR CHILDREN AND FAMILIES SINCE 1995

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 4:46 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

We do not agree to a stay. My client cannot even purchase a return ticket and so does not have the possibility of doing so without either an order compelling your client to

comply, and so my response that of course he can't buy a ticket but he does not agree that he should be stayed from doing so without a stay order placed on him.
Your yelling and berating me while I am telling you my position and your consistent demeaning tone and words are indeed offensive.
My client as you are well aware, has always complied with orders.
We await service of your Stay application and notice of appeal.
Merritt McKeon, Esq.

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 16:42:11
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Merritt,

This confirms our telephone call today at 4:22 p.m. Alexandra Sandoval was also present on the call.

I stated at the outset that I was calling for two purposes: first, to conduct the conference required by Local Rule 7-3 concerning Mother's motion for stay pending appeal; and second, to provide oral notice under Local Rule 7-19.1 of Mother's ex parte application.

I advised you that Mother intends to seek:

- An immediate administrative stay of the portion of Docket 69 ordering S.A.N's return to Korea;
- An order shortening time on the motion for stay pending appeal;
- A stay pending appeal;
- Interim conditions preventing passport turnover, ticket purchases, execution of a power of attorney or airline-escort authorization, and implementation of the return while the stay request is pending; and
- Alternatively, a seven-day bridge stay so Mother may seek emergency relief from the Ninth Circuit if Judge Carter denies the full stay.

Your written email states that Father opposes a stay and "does not agree to staying the order." You confirmed Father's opposition to a stay during our call.

I then attempted to obtain Father's position on the remaining requested relief and to discuss whether any part of the dispute could be resolved or narrowed. You stated that you did not understand why I was asking these questions and began arguing the merits and the parties' disputed factual allegations. I explained that I was providing the oral notice required by Local Rule 7-19.1 and attempting to complete the conference required by Local Rule 7-3, including obtaining Father's position on each form of relief. You then terminated the call before the conference could be completed.

Accordingly, oral notice of the ex parte application and the relief requested was provided, but you did not state Father's position on the request to shorten time, the alternative seven-day bridge stay, the proposed interim passport and travel restrictions, or mediation under the present postjudgment circumstances. The parties were also unable to discuss whether the dispute could be resolved or narrowed.

If I do not receive a correction from you by 5:00 p.m. today, I will advise the Court that Father opposes a stay; that counsel terminated the conference before stating Father's position on the remaining requested relief; and that the parties were unable to resolve or narrow the dispute.

The ex parte papers will be electronically served later today. This email also confirms that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours after electronic or hand service.

Please advise immediately if anything above inaccurately describes our call or Father's position.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 3:27 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra

<Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

We would oppose a stay. Mr. Na has complied with all court orders, voluntarily enrolled in a 52 week BIP program, undergone therapy, done parenting classes, and worked relentlessly to settle this case.
Under the circumstances obviously he does not agree to staying the order.
If you wish to discuss settlement I suggest you look at all the offers we previously made for the children to primarily reside in Korea and have summer and winter in Irvine as well as unlimited time in Korea for your client with an apartment available to her. GAL for the children. Therapy for the children.
Mr. Na would ask for his fees to be paid by Ms. Na.
That's it.
Your client wants one year on one year off. My client does not see this as a workable solution.
My client never reviewed the courtesy of a response to his offer.
Merritt McKeon

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 15:19:06
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Merritt,

You still have not answered a single one of the stay questions in my prior email. Not one.

You ask when the stay will be filed, but you still will not say whether Father will agree to a temporary standstill, whether he opposes an immediate administrative stay, whether he opposes an order shortening time, whether he opposes a stay pending appeal, or whether he will agree to a short bridge stay so the Ninth Circuit can review any denial. Those are the questions I asked you to answer for purposes of the Local Rule 7-3 conference and the notice required by Local Rule 7-19.1. Your latest email answers none of them.

Instead, you state: "Daniel does not want to separate the girls. He does however want S.A.N. returned."

Merritt, that response states the contradiction; it does not resolve it. Under the current federal judgment, K.E.N. cannot be returned to Korea. **Judge Carter found by clear and convincing evidence that returning her would expose her to grave risk, ordered her to remain in the United States, and found that Father's proposed protective measures would not be sufficient to keep her safe.** Unless and until the judgment is modified or reversed, there is no lawful "both girls in Korea" option. If Father genuinely wants the sisters to remain together, the only presently available option is for S.A.N. to remain in the United States while the parties pursue mediation and appellate review. Father cannot have it both ways. He cannot invoke the importance of keeping the sisters together when it helps him before the Court and then insist on the only outcome that guarantees their separation once the ruling is issued. If Father insists that S.A.N. be sent to Korea, he is insisting that the sisters be separated. He may say that he does not want that result, but it is the result he is demanding.

You still have not explained how the position you presented in closing can have been genuine. You told Judge Carter that Father would rather have both girls remain together in the United States than see them separated. Father himself wrote, "Please let's not split the kids up." If he meant that, he should agree to a brief pause and immediate mediation. If he refuses, then his conduct answers the question.

Your demand for a medical note does not shift the burden to Jasmine to prove that a routine pediatric appointment occurred merely because you say you do not believe her. Father was advised of the illness, given the physician's name, office address, telephone number, and appointment time before the visit, and provided the physician's assessment immediately afterward. He already has the information necessary to contact the provider directly, which is precisely what he originally asked to do. Your personal disbelief does not create an additional obligation for Jasmine to obtain records for your benefit or convert the contemporaneous written record into something that can simply be ignored.

The authenticated TalkingParents record shows that, before the appointment on September 10, Jasmine gave Father the physician's name, office address, telephone number, and appointment time. That evening, she reported the physician's assessment, that medication was unnecessary, and the symptoms that would require a follow-up visit. Loni also independently confirmed after meeting with the children that S.A.N. had been sick.

Your statement that "we simply do not believe your client" is not

evidence. You ask, "what else can we think?" Start with the authenticated contemporaneous record. You were not present when S.A.N. became ill, when Jasmine took her to the pediatrician, or when the physician examined her. You have no personal knowledge that the appointment did not occur. You are counsel, not a percipient witness, and your personal credibility assessment does not convert Father's accusation into fact.

If Father contends that Jasmine made a specific false statement, identify the statement, the date it was made, and the evidence establishing that it was false. Otherwise, your personal disbelief does not convert Father's accusation into fact and should not be presented to the District Attorney or minor's counsel as though it does.

I am not asking for another narrative or another series of accusations against Jasmine. I need Father's position on the requested stay relief. Please answer each of the following with a direct yes or no:

- Will Father agree that no action will be taken to implement S.A.N.'s return until Judge Carter rules on the stay application?
- Does Father oppose an immediate administrative stay while Judge Carter considers the motion?
- Does Father oppose an order shortening time for consideration of the motion?
- Does Father oppose a stay pending appeal?
- If Judge Carter denies the stay, will Father agree to preserve the status quo for seven calendar days so Jasmine may seek emergency relief from the Ninth Circuit?
- Pending Judge Carter's ruling, will Father agree that there will be no passport turnover, airline-ticket purchase, power of attorney, airline-escort authorization, or request that the District Attorney's Office implement the return?
- Is Father willing to participate in immediate mediation directed toward keeping the sisters together while providing him meaningful and structured contact with both children, subject to appropriate safeguards?

It is time for Father to match his actions to the position he urged on Judge Carter.

The Notice of Appeal, ex parte application, and motion for stay pending appeal will be filed today after completion of the required conference.

Please provide Father's written response to each question 4:00 pm

today. If you again decline to answer, I will advise the Court that Father was given repeated written opportunities to state his position, did not agree to any form of standstill, and continued to demand S.A.N.'s immediate return while refusing to state whether he opposed the requested relief. In light of that record, Mother will understand Father to oppose the application and all relief requested in it unless you state otherwise.

As before, I will call you at 4:15 to complete the required oral conference and notice. I will also advise you that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours of electronic or hand service.

If you do not answer, I will leave a message and accurately document the attempt in my declaration.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 12:55 PM
**To:** Stephane Quinn <quinn@orangecountyfamilylaw.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Daniel does not want to separate the girls. He does however want S.A.N. returned.
Please ask your client for the doctor notes which she can surely get from the doctor.
Given your client's history of lying to my client and denying information which is easy for her to get, what else can we think?
We simply do not believe your client. S.A.N. was kept out of school for several days, a week later she went to the doctor and there is no evidence that happened.
Merritt

Get Outlook for iOS

---

**From:** Stephane Quinn <quinn@orangecountyfamilylaw.com>
**Sent:** Monday, 14 September 2026 12:47:40
**To:** merritt mckeon <merrittmck@hotmail.com>; Loni Klein <loni@centerforchildren.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** RE: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Merritt,

Before I address the new accusations in your email, you still have not answered the central question in my prior message sent to you on Thursday, September 10, at 4:41 pm.

In closing argument, you represented to Judge Carter that Father did not want K.E.N. and S.A.N. separated and would rather have both girls remain together in the United States than divide them between two countries. Father made the same representation directly to Jasmine when he wrote, "Please let's not split the kids up." I took that representation seriously, and you asked Judge Carter to accept it as your client's genuine position. In that email, which was omitted from this thread, I asked you directly whether this was Father's genuine position. You did not answer.

Instead, you now respond with a series of new accusations against Jasmine, attempting to change the narrative. Those accusations do not answer the question.

**<u>So I am asking again</u>**: Was Father sincere when you told Judge Carter that he would rather have both girls remain together in the United States than see them separated, or was that just posturing for the Court? If that was his genuine position, he should agree to a brief standstill and immediate mediation directed toward keeping the sisters together. **<u>If it was not, say so plainly and the rest of us will act accordingly</u>**.

Your email also contains several factual assertions that are directly contradicted by the contemporaneous TalkingParents record. Because you made those assertions on a thread that includes Loni and the District Attorney's Office, I am correcting them on the same thread. Page references are to the authenticated TalkingParents record.

Father *was* informed that the children were sick.

- On September 7, Jasmine told him that "S.A.N. threw up and had some shivers, and K.E.N. and I were also not feeling well." (Record at 119.)
- On September 10, she gave him the pediatrician's name, address, telephone number, and appointment time, and told him she would provide an update. (Record at 120.)
- After the appointment, she told him that the doctor believed S.A.N. had a virus, that medication was unnecessary, and what symptoms would require a follow-up visit. (Record at 122.)

The claim that Father was not told about the children's illness is false.

The suggestion that Jasmine has deliberately kept the children out of school is also inaccurate.

- K.E.N. missed portions of August 26 and September 2 for the girls' initial therapy appointments because there were no appointments available outside school hours.
- The household then became ill, and K.E.N. was home on September 3, 4, and 8. She returned to school on September 9 and has resumed regular attendance.
- S.A.N. missed school for her initial therapy appointment and then remained home while she was ill.
- Jasmine attempted to return her to school on September 10, but S.A.N. became extremely upset, cried, and would not leave her side.
- Jasmine immediately told Father what had occurred. (Record at 122.)
- S.A.N. attended a half day on September 11, is attending another half day on September 14, and is expected to attempt a full day on September 15.
- Jasmine has also been communicating with S.A.N.'s teacher and the front office so that appropriate support can be put in place.

The claim that Jasmine failed to provide Father with information regarding the children's therapy is equally unsupported.

- On August 24, Jasmine told Father that she had moved both children from a telehealth provider to Child Guidance Center so that they could receive in-person treatment. She told him that K.E.N.'s first appointment was August 26 and S.A.N.'s was September 2, gave him the therapist's first name, and told him that the provider had been given his contact information. (Record at 116.)
- On August 26, she provided the provider's full name, address,

and telephone number and updated him after K.E.N.'s appointment. (Record at 117.)

- She later told him that the children remained in the assessment process and that K.E.N.'s sessions were being conducted individually. (Record at 119.)

The therapist has not disclosed the substance of K.E.N.'s private sessions to Jasmine. Jasmine cannot provide Father with information that the therapist has not provided to her. What she has provided is the provider information, appointment dates, scheduling information, and the general status of the children's assessment and treatment.

The medical-record issue is also being distorted.

- On August 21, Father asked for the doctor's contact information so that he could request the report himself. Jasmine told him that it was the same provider whose information had already been supplied. (Record at 114.)
- On September 12, she again explained that she did not personally possess the records, would need to request them from the provider, and would do so when she was available. She again gave him the provider's name and telephone number so that he could obtain the records sooner if he wished. (Record at 124.)

That is not a refusal to provide medical information.

Jasmine has not restricted Father's contact with either child.

- The TalkingParents record shows that she advised him when the girls were available to FaceTime, told him when S.A.N. was sleeping and could call him after she woke up, saw Father and K.E.N. speaking by FaceTime at the dinner table, repeatedly encouraged K.E.N. to contact him, and offered to establish a regular call time. (Record at 115, 123–25.)
- K.E.N. also showed Jasmine a recent call log and reported that she and Father had spoken the prior morning about Demon Slayer. (Record at 124.)
- Loni independently confirmed after meeting with both girls that each has her own electronic device, that both can call Father whenever they want, and that they regularly message him.
- Father also acknowledged a recent FaceTime with K.E.N., although he complained that she pointed the camera toward the kitchen rather than toward her face. (Record at 124.)

That does not establish that Jasmine prevented contact. Jasmine has also offered to establish a regular FaceTime schedule.

Your characterization of the settlement history is also inaccurate.

- On August 26, Jasmine wrote: "I remain willing to come to an

agreement, but reaching one requires mutual compromise and flexibility from both of us." (Record at 117.)

I am not going to litigate every prior settlement communication in this email. Father proposed terms that Mother did not accept, and Mother proposed terms that Father did not accept. That is not defiance, and it is not accurately described as "her way or the highway."

Your allegations concerning a Korean therapist, statements supposedly made to that therapist, and dental neglect are unsupported by anything attached to your email. If Father intends to rely on those claims, please provide the identity and contact information for the Korean therapist and dentist, the therapy and dental records, the dates of treatment, and the documents supporting the assertion that S.A.N.'s root canal was caused by neglect while she was in Mother's care. The fact that a child received a root canal does not, standing alone, establish neglect or identify when the underlying condition developed.

The assertion that the children had no contact with Father from August through October 2025 is disputed and is not a finding contained in the Court's Order. We are reviewing the contemporaneous text, FaceTime, and chat records from that period and will address the allegation if Father intends to place it formally at issue. I am not accepting Father's current recollection as established fact simply because it was included in an email.

The federal court's findings also cannot be rewritten through postjudgment accusations against Jasmine.

- **Judge Carter found that Father physically abused K.E.N., concealed her injuries, instructed her not to disclose the abuse, kept her away from mandated reporters, and created an environment of secrecy.**
- **The Court found grave risk by clear and convincing evidence and ordered K.E.N. to remain in the United States.**
- **The Court also rejected Father's proposed Korean guardian ad litem, therapy, school-reporting, housing, and compliance measures as insufficient to protect K.E.N.**

**<u>Now for the stay.</u>**

Jasmine is appealing the portion of the judgment ordering S.A.N. returned to Korea. We are finalizing the Notice of Appeal, the ex parte application for an immediate administrative stay and order shortening time, and the motion for stay pending appeal. We intend to file those papers immediately after completing the required conference today.

Jasmine is not refusing to comply with the judgment. She is timely exercising her right to seek appellate review and asking that the District Court decide the stay request before S.A.N. is transferred internationally. The judgment establishes no return date and no procedure concerning passports, travel, an escort, a power of attorney, school transition, therapy continuity, protective conditions, or continuing contact between the sisters.

Father himself expressed concern that having the District Attorney pick S.A.N. up would traumatize her. (Record at 119.) That concern further supports allowing Judge Carter to address the stay request before anyone attempts to implement an international transfer without a transition plan.

Your contempt threat is premature. If Father contends that Jasmine has already violated a specific provision of the judgment, please identify the provision, the applicable deadline, and the act that supposedly constitutes disobedience. Seeking a lawful stay is not contempt.

**For purposes of the Local Rule 7-3 conference and the oral notice required by Local Rule 7-19.1, please provide Father's position in writing on each of the following:**

1. Will Father agree that no action will be taken to implement S.A.N.'s return until Judge Carter rules on the stay application?
2. If Judge Carter denies the stay, will Father agree to preserve the status quo for seven calendar days so that Jasmine may seek emergency relief from the Ninth Circuit?
3. Does Father oppose the immediate administrative stay, the order shortening time, the full stay pending appeal, and the alternative seven-day bridge stay?
4. Pending Judge Carter's ruling, will Father agree that there will be no passport turnover, airline-ticket purchase, power of attorney, airline-escort authorization, or request that the District Attorney's Office implement the return?
5. Is Father willing to participate in immediate mediation directed toward keeping the sisters together while providing him meaningful and structured contact with both children, subject to appropriate safeguards?

Shortly before judgment, Father himself wrote, "Please let's not split the kids up." (Record at 116.)

Please provide Father's written position by 4:00 p.m. today. I will call you at 4:15 p.m. today to complete the required oral conference and notice. I

will also advise you during that call that Judge Carter's procedures require any opposition to the ex parte application to be filed within 24 hours of electronic or hand service.

Given the factual disputes now being created through email, I want each side's position confirmed in writing, and I will memorialize the call immediately afterward. If 4:15 p.m. does not work, please provide another time today when you are available.

Best,

Quinn

*CONFIDENTIALITY NOTICE: This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. This e-mail message may contain legally privileged and/or confidential information. This e-mail message may contain material that is protected by the attorney-client and/or attorney work product privileges. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (949) 660-1400 and delete this e-mail message from your computer and destroy any and all copies.*

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Monday, September 14, 2026 6:47 AM
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Dear Mr. Quinn:
My client was not informed by your client, of the children's illness. He has requested medical records from your client and was told he can get them himself from the hospital or doctor.
This is shocking. How many days has S.A.N. been out of school?
Mr. Na has followed all court orders. When will the stay be filed?
I am concerned that your client seems to be keeping the children out of school and has failed to provide my client with any evidence S.A.N. was actually sick.
Mr. Na has repeatedly offered a custody order which would provide a G.A.L. In Korea, therapy, and regular custodial contact for Jasmine including a furnished apartment in Korea as well as summers and winter holiday in Irvine. He has never made a police

report and your client's reported fear of arrest, which she has openly discussed with both children, is ridiculous. My client has agreed to be bound by an order not to seek any arrest warrants in Korea.

No response has ever been received to our detailed offers of settlement, except that your client would only accept a one year on, one year off, custody agreement. Her way or the highway.

Again, this is not going to work. The children were uprooted by your client, brought to Irvine, kept from speaking to my client for August, September and October of 2025, and not placed in therapy until a couple of weeks ago, more than a year later.

My client placed S.A.N. into therapy in Korea in June 2026, and she repeatedly informed her therapist and my client that her mother, grandmother and sister K.E.N. were "always angry." S.A.N. needed and underwent a root canal in Korea, due to your client's neglect of her dental health. S.A.N. did not want to return, but my client followed the orders.

It is your client who is in defiance of court orders, not mine.

There is simply no offer in any of your words. No information nor notice of a Stay.

My client has only spoken a handful of times with K.E.N., and one FaceTime in 3 months. This would never occur if my client had custody in Korea!

Please answer: are you giving me notice of a stay you already filed? What is the plan?

Must I file a contempt action?

Merritt McKeon, Esq.

For Jung Wook Na

Get Outlook for iOS

---

**From:** merritt mckeon <merrittmck@hotmail.com>
**Sent:** Wednesday, 09 September 2026 15:26:21
**To:** Loni Klein <loni@centerforchildren.com>; Stephane Quinn <quinn@orangecountyfamilylaw.com>; Jacobs, Tammy <Tammy.Jacobs@ocdistrictattorney.gov>; David Dworakowski <david@Orangecountyfamilylaw.com>
**Cc:** Ridlon, Nathan <Nathan.Ridlon@ocdistrictattorney.gov>; Robles, Cassandra <Cassandra.Robles@ocdistrictattorney.gov>
**Subject:** Re: Activity in Case 8:25-cv-02479-DOC-ADS Jung Wook Na v. Jasmine Pearl Na Judgment

Apparently S.A.N. didn't go to school today. That's all I know.

Merritt

Get Outlook for iOS

---

**From:** Loni Klein <loni@centerforchildren.com>
**Sent:** Wednesday, 09 September 2026 13:03:29